UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1̶4 CV 5623

-----------------------------------------------------------X

SARABUDEEN ABDUL AZEEZ,

**COMPLAINT**

Plaintiff,

JUDGE ENGELMAYER

-against-

**PLAINTIFF DEMANDS**
**TRIAL BY JURY**

MATHAIAH RAMAIAH,

RECEIVED
JUL 2 3 2014
U.S.D.C. S.D. N.Y.

Defendant.

-----------------------------------------------------------X

Plaintiff, by his attorneys, Cary Kane LLP, complaining of defendant, alleges:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks declaratory and injunctive relief, unpaid wages and tips, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff also brings this action to remedy violations of the New York State Labor Law, N.Y. LABOR LAW § 190 et seq., § 650 et seq. and the New York Minimum Wage Act, N.Y. LABOR LAW § 650 et seq. (collectively "NYSLL" or "N.Y. LABOR LAW"). Plaintiff seeks declaratory and injunctive relief, unpaid wages and tips, unpaid overtime, all tips and wages improperly deducted from paychecks, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to NYSLL §§ 198, 663.

3.      Plaintiff also brings this action to remedy unlawful retaliation by defendant, in violation of 29 U.S.C. § 215(a)(3) and NYSLL § 215(1)(a), and seeks

compensatory and punitive relief, as well as all other appropriate and equitable relief.

## JURISDICTION AND VENUE

4.     Jurisdiction of the Court over plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Jurisdiction of the Court over plaintiff's NYSLL claims is invoked pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are so related to plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendant does business and maintains his principal place of business in this District, and, accordingly, resides in this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

7.     Plaintiff Sarabudeen Abdul Azeez ("Azeez") is an individual formerly employed by Flagship S B New York, LLC, d/b/a Saravana Bhavan Lexington ("Saravana" or "the restaurant"). Saravana is a New York limited liability company doing business at, among other locations, 81 Lexington Avenue, New York, New York 10016.

8.     Defendant Mathaiah Ramaiah ("Ramaiah" or "defendant") is an individual doing business in New York and, upon information and belief, an owner of Saravana. At all relevant times, Ramaiah had control over the employment practices of this entity and was responsible for the wage and hour practices complained of herein.

2

9.      Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d) and NYSLL §§ 190, 651.

10.     Upon information and belief, Saravana employs individuals who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.  In addition, Saravana is an enterprise with an annual gross volume of sales made or business done of not less than $500,000.  Upon information and belief, Saravana is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

11.     In addition, Saravana employs "individual[s] in any occupation, industry, trade, business or service" within the meaning of NYSLL § 190.

## FACTUAL ALLEGATIONS

12.     Defendant owns and operates at least two restaurants in New York City, one of which is Saravana located on Lexington Avenue in Manhattan.

13.     Plaintiff worked as a waiter at Saravana from on or about April 15, 2011 until on or about March 6, 2014, and was a non-exempt employee within the meaning of the FLSA.

14.     During his employment at Saravana, plaintiff was an employee who fell into the category of a "tipped employee" who customarily and regularly earned more than $30.00 per month in tips.

15.     During plaintiff's employment at Saravana, the primary duties of a waiter included seating customers, explaining specials, taking customers' orders, serving food and drinks to customers, and accepting payment for meals.

16.     From the beginning of his employment on or about April 15, 2011 until on

or about December 17, 2012, plaintiff received a weekly rate of pay in cash ranging from $475 to $600.

17.     Upon information and belief, defendant never provided plaintiff with notice of his regular hourly pay rate, overtime hourly pay rate, or the amount of tip credits to be taken from the basic minimum hourly rate.

18.     From the beginning of plaintiff's employment until sometime in December 2012, plaintiff regularly worked over 40 hours per week, but did not receive time and a half pay for all hours worked over 40 in a week.

19.     During this time, Azeez typically worked between 61 and 66 hours per week.

20.     Upon information and belief, prior to December 2012, defendant did not maintain any system of tracking the number of hours worked by, or the arrival and departure times of, any employee each day.

21.     As a result of these practices, defendant failed to keep accurate records of the hours worked by plaintiff. By doing so, defendant avoided paying plaintiff the statutorily required overtime wage for hours worked over 40 in a week.

22.     When plaintiff worked more than 10 hours in a day, he did not receive an extra hour's wage at the minimum rate.

23.     From the beginning of plaintiff's employment until sometime in December 2012, the restaurant collected tips from the customers plaintiff and other waiters served, but failed to pay those tips to plaintiff or the other waiters employed at the time.

24.     During this time, when customers left tips at plaintiff's tables, plaintiff

4

was required to either give the money to the captain on duty, or to put the money in a designated tip box. Defendant retained the tips collected, and did not return any tips to the employees who provided the customer service.

25.     Upon information and belief, and according to restaurant records to which plaintiff had access, Saravana received approximately $346,493.77 in tips from customers in 2012. See Exhibit A.

26.     Upon information and belief, plaintiff typically worked with approximately three other waiters on each shift.

27.     Upon information and belief, defendant paid no tips to employees until the New York Department of Labor ("DOL") began an investigation of the restaurant in response to an employee's complaint of unlawful payment practices.

28.     After the restaurant became aware of the DOL complaint and investigation, on or about December 17, 2012, defendant implemented new employment and payment practices.

29.     As a result, plaintiff's weekly schedule was reduced from an average of 65 hours per week to forty hours or less per week.

30.     On or about December 17, 2012, defendant began paying plaintiff an hourly wage of $5.00 per hour, plus a share of the tips received serving defendant's customers, which were subject to a mandatory tip pool.

31.     Defendant established and imposed on its employees a tip pooling scheme that required tipped employees to pool and share their tips with other employees working on their shift, including ineligible kitchen staff employees.

32.     At the end of each shift, tips were collected, pooled, and redistributed to

employees according to a point-based system that determined the percentage of the tip pool each employee received.

33.    At all relevant times, the tip pool included the captain, waiters, food runners, busboys, and expeditors.

34.    Expeditors were employees who worked in the kitchen, and whose primary duty was to plate the food before it was served to the customers. Expeditors did not serve or interact with customers, and worked entirely within the kitchen.

35.    Although included in the tip pool, expeditors were ineligible for tip distribution because they were not employees who "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

36.    Expeditors were also ineligible for tip distribution because they were not employees who "perform[ed], or assist[ed] in performing, personal service to patrons at a level that is a principal and regular part of their duties" within the meaning of the New York Compilation of Codes, Rules, and Regulations ("NYCRR"), 12 NYCRR §146.2.14(e).

37.    The expeditors' receipt of tips prevented plaintiff and other employees who engaged in direct customer service from retaining all of the tips they received.

38.    On or about January 31, 2013, plaintiff filed a complaint with the New York State DOL complaining of defendant's unlawful payment practices, including the unlawful retention of tips, and the invalid tip pool. Upon information and belief, plaintiff's complaint is currently pending before the DOL.

39.    Sometime in February 2014, plaintiff learned that the restaurant had filed a petition for Chapter 11 bankruptcy.

40. Within a month after Saravana filed for bankruptcy, defendant fired each of the three employees who had filed complaints with the DOL, including plaintiff. The three complaining employees were all fired within a week of each other.

41. Upon information and belief, defendant could not fire the complaining employees during the DOL investigation, but rather waited until after Saravana filed for bankruptcy in an attempt to mask defendant's improper and retaliatory motives for firing them.

42. When plaintiff was fired on or about March 6, 2014, he was told that he was fired for arriving ten minutes late to work. During plaintiff's employment, however, it was not the restaurant's usual practice to fire an employee for arriving ten minutes late on one occasion.

43. Defendant's proffered reason for the termination of plaintiff's employment is a pretext for its decision to terminate plaintiff's employment in retaliation for his DOL complaint.

44. By letter, dated March 18, 2014, plaintiff's counsel notified defendant of the labor law violations that took place during Azeez's employment ("notice letter"), pursuant to the FLSA, as amended, 29 U.S.C. § 201 et seq., and N.Y. Labor Law, §§ 190 et seq., 650 et seq.

45. Specifically, plaintiff informed defendant that for a period of time during Azeez's employment, Saravana unlawfully retained the tips belonging to Azeez and other waiters, failed to properly pay the statutorily required overtime wages for the hours he worked over 40 in a week, failed to properly pay Azeez the statutorily required spread of hours pay for each day he worked over 10 hours, and fired Azeez in retaliation for the

wage and overtime complaint he made to the DOL.

46.     Upon information and belief, the total unpaid compensation owed to plaintiff amounts to approximately $170,000.

47.     Plaintiff's counsel advised defendant of plaintiff's interest in discussing an amicable resolution of his claims, and asked Saravana to call counsel if defendant was also interested; if not, however, plaintiff would pursue legal action.

48.     On or about March 31, 2014, plaintiff's counsel and Saravana's labor counsel, Brian Greben ("Greben" or "labor counsel"), began discussing the possibility of a settlement of Azeez's claims against Saravana and Ramaiah.

49.     During these discussions, Greben, who, upon information and belief, was acting on behalf of both Saravana and Ramaiah, informed plaintiff that Saravana had filed a voluntary petition for Chapter 11 bankruptcy.

50.     Plaintiff advised Greben that because Ramaiah has not filed for bankruptcy, he remains individually liable for the unlawful labor practices during Azeez's employment.

51.     Settlement discussions between the parties continued until the beginning of May 2014.

52.     The parties' last communications regarding settlement took place on or about May 2, 2014.  At that time, plaintiff's counsel was under the impression that Greben would be producing additional documents that he said would be useful to the negotiations.

53.     Instead, however, on or about May 9, 2014, Saravana's bankruptcy counsel, Lawrence Morrison ("Morrison" or "bankruptcy counsel"), served plaintiff,

through counsel, a copy of the complaint that Saravana filed against Azeez in an adversary proceeding in Bankruptcy Court. See Exhibit B.

54.     Saravana initiated the adversary proceeding asserting seven causes of action requesting broad declaratory relief. Specifically, Saravana sought declarations that: (1) Saravana "does not owe [Azeez] any additional tips deriving from [Azeez's] employment;" (2) the amount of any tips owed to Azeez can be no greater than his share of tips in relation to "the other floor staff who worked at Saravana at the same time" because all tips "must be divided" amount the floor staff; (3) Azeez was paid "adequate wages at all relevant times;" (4) "Any overtime allegedly owed [to Azeez] must be reduced by the $600 per month [Azeez] was responsible for as rent;" (5) Azeez "is not entitled to 'spread-of-hours' wages under 12 NYCRR § 142-2.4 from [Saravana] or Mr. Ramaiah" because Azeez was paid above minimum wage; (6) the "tip credit deduction" from Azeez's wages was "proper and lawful;" and (7) Saravana's "termination of [Azeez's] employment was not a retaliatory act, and was not unlawful or improper." See Exhibit B, ¶¶ 23, 25, 28, 34, 41, 44, 46, 51, 57; see also Flagship S B New York, LLC v. Sarabudeen Abdul Azeez, E.D.N.Y Bankr. Case No. 1-14-01066-cec, Dkt. 1.

55.     On or about June 6, 2014, one business day before plaintiff's deadline to respond to the adversary proceeding, Greben called plaintiff's counsel. Greben said he was "surprised" to see that counsel had moved for *pro hac vice* admission to appear in the adversary proceeding in the Eastern District of New York Bankruptcy Court, because Azeez moved back to India.

56.     Greben told plaintiff's counsel that "last week [Azeez] suddenly left the country," and that he would not be able to return to the United States because of his

immigration status.

57.     Greben stated that the adversary proceeding was no longer necessary since Azeez cannot return to this country to pursue his claims against Saravana.    Greben advised plaintiff's counsel that Saravana's bankruptcy counsel would likely withdraw the adversary proceeding if plaintiff consented.

58.     Plaintiff's counsel told Greben that she had no knowledge of Azeez having left the country, and that during their last conversation, Azeez authorized counsel to pursue his claims for unpaid wages and to defend against the adversary proceeding.

59.     Saravana had no legal or factual basis for initiating the adversary proceeding against plaintiff.   Therefore, on or about June 9, 2014, plaintiff responded to the adversary proceeding by filing a motion to dismiss the complaint and for sanctions in the form of the attorneys' fees incurred in defending against the meritless action.  See Exhibit C; see also Flagship S B New York, LLC v. Sarabudeen Abdul Azeez, E.D.N.Y Bankr. Case No. 1-14-01066-cec, Dkt. 7, 8.

60.     On or about June 16, 2014, Greben called plaintiff's counsel and again expressed his "surprise" by plaintiff's dismissal and sanctions motion since Azeez has left the country, thus, Saravana wished to withdraw its adversary proceeding complaint. Greben reiterated his claim that Azeez will not be able to return to this country to pursue his claims or sit for a deposition.

61.     Plaintiff's counsel advised Greben of her firm's obligation to its client, who last instructed counsel to proceed in the adversary proceeding and to pursue his action to recover wages.

62.     Plaintiff's counsel further advised that the withdrawal of Saravana's

complaint in the adversary proceeding would not resolve the pending sanctions motion. Greben responded that plaintiff's motion for sanctions "is not going to happen."

63.    By letter, dated June 27, 2014, Morrison told plaintiff's counsel that "in light of your client's return to India, Flagship no longer considers the adversarial proceeding to be necessary, and would prefer to withdraw it."

64.    By telephone on or about June 30, 2014, Morrison informed plaintiff's counsel that, prior to Azeez's return to India, conversations between defendant and Azeez took place regarding the resolution of Azeez's claims outside of counsel.

65.    During that conversation, Morrison asked for plaintiff's consent to withdraw the adversary proceeding.  Morrison advised counsel that Saravana would also be withdrawing its Chapter 11 bankruptcy petition.

66.    Later that day, by telephone, plaintiff's counsel asked Greben how his client has knowledge of Azeez's whereabouts and that he recently left the country. Greben responded that his client heard this from other employees at the restaurant. Greben said that his client also heard that Azeez left the country with another former employee who also has claims against defendant.

67.    Defendant should be compelled to immediately provide all information, including contact information, about the whereabouts of plaintiff to plaintiff's counsel.

68.    Plaintiff's counsel agreed to stipulate to Saravana's withdrawal of the adversary proceeding, and advised defendant by letter that "the stipulation is provided without prejudice to our ability to seek the fees incurred in defending against [the] adversary proceeding in the labor law action we will be bringing on Mr. Azeez's behalf against Mathaiah Ramaiah, as well as Flagship S B New York LLC, which [Morrison]

said today will be withdrawing its bankruptcy petition."

      69.    Thereafter, plaintiff's counsel commenced this action on plaintiff's behalf.

## AS AND FOR A FIRST CLAIM

### (Unlawful Retention of Tips- FLSA)

      70.    Plaintiff repeats and realleges the allegations in paragraphs "1" through "69" as if fully set forth herein.

      71.    Pursuant to 29 U.S.C. § 203(m), employees must retain all of their tips, except to the extent that they participate in a valid tip pooling or sharing arrangement.

      72.    Federal regulations prohibit an employer from requiring an employee to turn over his tips to the employer.  Pursuant to 29 C.F.R. § 531.52, "[t]ips are the property of the employee," and an "employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted" by 29 U.S.C. § 203(m).

      73.    By unlawfully retaining plaintiff's tips received from customers, defendant violated 29 U.S.C. § 203(m) and 29 C.F.R. § 531.52.

      74.    Upon information and belief, said violations were willful within the meaning of 29 U.S.C. § 255(a).

      75.    Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

      76.    No previous application has been made for the relief requested herein.

## AS AND FOR A SECOND CLAIM

**(Unlawful Deduction of Tips- NYSLL)**

77.    Plaintiff repeats and realleges the allegations in paragraphs "1" through "76"as if fully set forth herein.

78.    Pursuant to NYSLL § 196-d, no employer "shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity . . . purported to be a gratuity for an employee."

79.    Defendant unlawfully retained tips intended for plaintiff in violation of NYSLL § 196-d.

80.    Pursuant to NYSLL § 193, defendant was prohibited from deducting any amounts from his employees' wages, with exceptions not applicable herein.

81.    By failing to pay plaintiff his tips and other wages, defendant made unlawful deductions from plaintiff's wages in violation of NYSLL § 193.

82.    Defendant had no good faith basis to believe that his actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

83.    Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

84.    No previous application has been made for the relief requested herein.

## AS AND FOR A THIRD CLAIM

**(Failure to Pay Minimum Wage – FLSA)**

85.    Plaintiff repeats and realleges the allegations in paragraphs "1" through "84" as if fully set forth herein.

86.    Pursuant to Section 206 of the Fair Labor Standards Act, 29 U.S.C. § 206,

the minimum rate of wage during plaintiff's employment was $7.25 per hour.

87.     Section 203(m) of the Fair Labor Standards Act, 29 U.S.C. § 203(m), allows employers to take a tip credit against the applicable minimum wage for employees who customarily receive tips, provided that the employer complies with the regulations governing the tip credit.

88.     Section 203(m) prohibits employers from taking a tip credit against the minimum wage "unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."

89.     Defendant failed to inform plaintiff of the provisions of Section 203(m) of the FLSA.

90.     Moreover, defendant improperly required plaintiff to share his tips with employees who were not eligible for tip distribution and who did not regularly and customarily receive tips.

91.     By the above acts, defendant forfeited the right to take a tip credit and was required to pay plaintiff the full minimum wage in cash.

92.     Defendant, by the above acts, has violated 29 U.S.C. § 206.

93.     Upon information and belief, said violations were willful within the meaning 29 U.S.C. § 255(a).

94.     Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

95.    No previous application has been made for the relief requested herein.

## AS AND FOR A FOURTH CLAIM

### (Failure to Pay Minimum Wage – NYSLL)

96.    Plaintiff repeats and realleges the allegations in paragraphs "1" through "95" as if fully set forth herein.

97.    Pursuant to 12 NYCRR § 146-1.3, an employer may take a tip credit against the applicable minimum wage for tipped employees, provided that the employer pays at least $5.00 of the minimum wage in cash and complies with the regulations governing the tip credit.

98.    Specifically, 12 NYCRR § 146-1.3 prohibits employers from taking a tip credit against an employee's minimum wage unless such employee "receives enough tips and if the employee has been notified of the tip credit as required in Section 146-2.2."

99.    Defendant failed to inform plaintiff of the provisions of 12 NYCRR §§ 146-1.3, 146-2.2.

100.    Pursuant to New York regulations, only employees who are "primarily engaged in the serving of food or beverages to guests, patrons or customers . . . ; and who regularly receive[] tips from such guests, patrons or customers," 12 NYCRR § 146-3.4, are eligible to "receive distributions from the tip pool," 12 NYCRR § 146-2.16.

101.    By improperly requiring plaintiff to share tips with ineligible employees who did not provide customer service or regularly receive tips, defendant violated 12 NYCRR §§ 146-1.3, 146-2.16, 146-3.4.

102.    By the above acts, defendant forfeited the right to take a tip credit and was required to pay plaintiff the full minimum wage in cash for all hours worked during the

relevant time periods pursuant to NYSLL §§ 652, 196-d; 12 NYCRR §§ 146-1.3, 146-2.16, 146-2.17, 146-2.2, 146-3.4.

103.   Defendant had no good faith basis to believe that his actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

104.   Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

105.   No previous application has been made for the relief requested herein.

## AS AND FOR A FIFTH CLAIM

### (Failure to Pay Overtime Wages - FLSA)

106.   Plaintiff repeats and realleges the allegation in paragraphs "1" through "105" as if fully set forth herein.

107.   At all relevant times, defendant failed to pay plaintiff at the statutorily required overtime rate of one and a half times his regular rate of pay for all hours worked a week in excess of 40.

108.   Defendant, by the above acts, has violated 29 U.S.C. § 207.

109.   Upon information and belief, said violations were willful within the meaning of 29 U.S.C. § 255(a).

110.   Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

111.   No previous application has been made for the relief requested herein.

## AS AND FOR A SIXTH CLAIM

**(Failure to Pay Overtime Wages – NYSLL)**

112.    Plaintiff repeats and realleges the allegations in paragraphs "1" through "111" as if fully set forth herein.

113.    At all relevant times, defendant failed to pay plaintiff at the statutorily required overtime rate of one and a half times his regular rate of pay for all hours worked in a week in excess of 40.

114.    Defendant, by the above acts, has violated NYSLL § 652 and 12 NYCRR § 146-1-4.

115.    Defendant had no good faith basis to believe that his actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

116.    Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

117.    No previous application has been made for the relief requested herein.

## AS AND FOR A SEVENTH CLAIM

**(Failure To Pay Spread of Hours Pay - NYSLL)**

118.    Plaintiff repeats and realleges the allegations in paragraphs "1" through "117" as if fully set forth herein.

119.    At all relevant times, defendant failed to pay plaintiff an additional hour's pay at the minimum hourly wage rate for each day that plaintiff worked 10 or more hours.

120.    Defendant, by the above acts, has violated NYSLL § 652 and 12 NYCRR § 146-1.6.

121.    Defendant had no good faith basis to believe that his actions were in

compliance with the law, within the meaning of NYSLL §§ 198, 663.

122.    Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

123.    No previous application has been made for the relief requested herein.

## AS AND FOR AN EIGHTH CLAIM

### (Improper Notice and Recordkeeping – NYSLL)

124.    Plaintiff repeats and realleges the allegations in paragraphs "1" through "123" as if fully set forth herein.

125.    Pursuant to NYSLL § 195 (1), defendant was required to provide plaintiff at the time of his hire and on an annual basis written notice of his regular rate of pay, overtime rate of pay, credits taken for tips, and other information required by NYSLL § 195(1) and 12 NYCRR § 146-2.2.

126.    Defendant failed to provide such written notice to plaintiff.

127.    Pursuant to NYSLL § 195(3), defendant was also required to provide plaintiff with each payment of wages notice of the dates of work covered by that payment, rates of pay, credits taken for tips or meals, and other information required by NYSLL § 195(3) and 12 NYCRR § 146-2.3.

128.    Defendant failed to provide accurate and complete wage statements with each payment of wages.

129.    Defendant, by the above acts, has violated NYSLL § 195.

130.    Defendant had no good faith basis to believe that his actions were in compliance with the law, within the meaning of NYSLL § 198.

131.   Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

132.   No previous application has been made for the relief requested herein.

## AS AND FOR A NINTH CLAIM

### (Retaliation – FLSA)

133.   Plaintiff repeats and realleges the allegations in paragraphs "1" through "132" as if fully set forth herein.

134.   Defendant terminated plaintiff's employment because plaintiff complained of defendant's unlawful payment practices to the DOL, including defendant's unlawful retention of tips, and Azeez's required participation in an invalid tip pool.

135.   Defendant, by the above acts, has violated 29 U.S.C. § 215(a)(3), by retaliating against plaintiff for asserting his rights under the FLSA.

136.   Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

137.   No previous application has been made for the relief requested herein.

## AS AND FOR A TENTH CLAIM

### (Retaliation – NYSLL)

138.   Plaintiff repeats and realleges the allegations in paragraphs "1" through "137" as if fully set forth herein.

139.   Defendant terminated plaintiff's employment because plaintiff complained of defendant's unlawful payment practices to the DOL, including defendant's unlawful

retention of tips, and Azeez's required participation in an invalid tip pool.

140.   Defendant, by the above acts, has violated NYSLL § 215(1)(a).

141.   Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

142.   No previous application has been made for the relief requested herein.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff respectfully requests that this Court enter a judgment:

(a)   declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

(b)   declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and N.Y. LABOR LAW §§ 198, 663;

(c)   enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. § 217;

(d)   directing defendant to make plaintiff whole for all unpaid tips and wages due as a consequence of defendant's violations of the FLSA and NYSLL;

(e)   directing defendant to make plaintiff whole for all unpaid overtime wages due as a consequence of defendant's violations of the FLSA and NYSLL;

(f)   directing defendant to pay plaintiff an additional hour's pay at the minimum wage rate for each day he worked in excess of 10 hours in one day;

(g)   directing defendant to pay plaintiff for all unlawful deductions from his wages and tips;

(h)    awarding plaintiff all back pay for violations of 29 U.S.C. § 215 and NYSLL § 215;

(i)    awarding plaintiff punitive damages for defendant's violations of 29 U.S.C. § 215 and NYSLL § 215;

(j)    awarding plaintiff compensatory damages for defendant's violations of 29 U.S.C. § 215 and NYSLL § 215;

(k)    directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(l)    directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in N.Y. LABOR LAW §§ 198, 663;

(m)    awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and N.Y. LABOR LAW §§ 198, 663;

(n)    directing defendant to immediately produce to plaintiff's counsel all information, including contact information, about the whereabouts of plaintiff; and

(o)    granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
      July 21, 2014

Respectfully submitted,
CARY KANE LLP
Attorneys for Plaintiff

By: _____
Larry Cary
Tara Jensen
1350 Broadway, Suite 1400
New York, New York 10018
(212) 868-6300

21

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.

EXHIBIT A

# SARAVANAA BHAVAN RESTAURANT

Flagship SB Newyork LLC

## MONTHLY SALES REPORT

| YEAR MONTH | CASH SALES | CASH TIPS | CR CARD SALES | CR CARD TIPS | TOTAL SALES | TOTAL TIPS | TOTAL | NO.OF GUESTS | NO.OF DAYS |
|---|---|---|---|---|---|---|---|---|---|
| 2012 JANUARY | 34,038.20 | 4,372.80 | 132,970.66 | 21,749.51 | 167,008.86 | 26,122.31 | 193,131.17 | 9,504 | 31 |
| 2012 FEBURARY | 35,086.68 | 4,717.32 | 124,759.83 | 18,228.37 | 159,846.51 | 22,945.69 | 182,792.20 | 9,236 | 29 |
| 2012 MARCH | 41,670.03 | 4,982.97 | 149,456.92 | 21,989.00 | 191,126.95 | 26,972.36 | 218,099.31 | 11,103 | 31 |
| 2012 APRIL | 40,819.34 | 4,885.66 | 157,179.66 | 22,854.47 | 197,999.00 | 27,740.13 | 225,739.13 | 11,219 | 30 |
| 2012 MAY | 51,078.59 | 5,174.43 | 191,338.32 | 28,940.72 | 243,989.66 | 34,115.15 | 278,104.81 | 14,053 | 31 |
| 2012 JUNE | 49,932.12 | 4,778.88 | 174,976.75 | 26,922.26 | 226,517.13 | 31,701.14 | 258,218.27 | 13,419 | 30 |
| 2012 JULY | 43,900.51 | 4,829.49 | 197,094.44 | 29,036.23 | 239,907.82 | 33,865.72 | 274,860.66 | 13,950 | 31 |
| 2012 AUGUST | 46,077.12 | 5,466.65 | 185,908.16 | 22,913.13 | 231,985.28 | 28,379.78 | 260,365.06 | 13,561 | 31 |
| 2012 SEPTEMBER | 43,830.58 | 4,613.43 | 205,896.11 | 29,120.23 | 249,726.69 | 33,733.66 | 283,460.35 | 13,286 | 30 |
| 2012 OCTOBER | 35,422.87 | 3,919.13 | 152,237.98 | 22,402.84 | 187,660.85 | 26,321.97 | 213,982.82 | 10,090 | 31 |
| 2012 NOVEMBER | 30,576.48 | 3,444.52 | 135,844.04 | 19,767.80 | 166,420.52 | 23,212.32 | 189,632.84 | 8,837 | 30 |
| 2012 DECEMBER | 38,734.78 | 5,483.71 | 187,609.35 | 25,899.83 | 226,344.13 | 31,383.54 | 257,727.67 | 12,056 | 31 |
| | 491,167.30 | 56,668.99 | | | | 346,493.77 | | | |

EXHIBIT B

B104 (Form 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NO.<br>14-01066 |
|---|---|

**PLAINTIFF(S)**

FLAGSHIP S B NEW YORK, LLC,
D/B/A/ SARAVANA BHAVAN LEXINGTON

**DEFENDANT(S)**

SARABUDEEN ABDUL AZEEZ

**ATTORNEY(S)** (Firm Name, Address, Telephone No.)

Lawrence F. Morrison
The Morrison Law Offices P.C.
87 Walker Street
New York, New York 10013
212-620-0938

**ATTORNEY(S)** (If Known)

Cary Kane LLP
1350 Broadway, Suite 1400
New York, NY 10018
212-868-6300

**PARTY** (Check One Box Only)

[✓] Debtor  [ ] U.S. Trustee
[ ] Creditor  [ ] Trustee  [ ] Other

**PARTY** (Check One Box Only)

[ ] Debtor  [ ] U.S. Trustee
[✓] Creditor  [ ] Trustee  [ ] Other

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Declaratory Judgment, pursuant to Bankruptcy Code § 105(a) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure, regarding claims asserted against Debtor pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law ("NYLL").

## NATURE OF SUIT

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11 – Recovery of money/property – § 542 turnover of property
[ ] 12 – Recovery of money/property – § 547 preference
[ ] 13 – Recovery of money/property – § 548 fraudulent transfer
[ ] 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[ ] 62 – Dischargeability – § 523(a)(2), false pretenses, false representation, actual fraud
[ ] 67 – Dischargeability – § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 – Dischargeability – § 523(a)(5), domestic support
[ ] 68 – Dischargeability – § 523(a)(6), willful and malicious injury
[ ] 63 – Dischargeability – § 523(a)(8), student loan
[ ] 64 – Dischargeability – § 523 (a)(15), divorce or separation obligation
(other than domestic support)
[ ] 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71 – Injunctive relief – imposition of stay
[ ] 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[✓] 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[ ] 01 – Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
[✓] 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

[✓] Check if this case involves a substantive issue of state law  [ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint  Demand: $

Other Relief Sought:

B104 (Form 104) (08/07), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>FLAGSHIP S B NEW YORK, LLC,<br>D/B/A/ SARAVANA BHAVAN LEXINGTON | | BANKRUPTCY CASE NO.<br>**14-40531 (CEC)** | |
|---|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern | DIVISION OFFICE | | NAME OF JUDGE<br>Carla E. Craig |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| *[signature]* | Lawrence Morrison, Esq.<br>87 Walker St, Fl 2<br>New York, NY 10013<br>tel 212-620-0938, fax 646-390-5095<br>lfmlawyer@gmail.com |
| DATE<br>5/8/2014 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both*
*adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: Flagship S B New York, LLC

Bankruptcy Case No.: 1−14−40531−cec

Flagship S B New York, LLC

Plaintiff(s),

−against−
Sarabudeen Abdul Azeez

Adversary Proceeding No. 1−14−01066−cec

Defendant(s)

# SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
# IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk: |
|---|
| **United States Bankruptcy Court** **271−C Cadman Plaza East, Suite 1595** **Brooklyn, NY 11201−1800** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| **Lawrence F. Morrison** **87 Walker Street Floor 2** **New York, NY 10013** |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Location: United States Bankruptcy Court, 271−C Cadman Plaza East, Courtroom 3529 − 3rd Floor, Brooklyn, NY 11201−1800 | Date and Time: July 8, 2014 at 11:30 AM |
|---|---|

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: May 8, 2014

Robert A. Gavin, Jr., Clerk of the Court

Summons [Summons and Notice of Pretrial Conf. rev. 03/16/2009]

THE MORRISON LAW OFFICES P.C.
Lawrence F. Morrison, Esq.
87 Walker Street, 2nd Floor
New York, New York 10013
Phone:  (212) 620-0938
Fax:     (646) 390-5095
*Counsel for the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

FLAGSHIP S B NEW YORK, LLC,
D/B/A/ SARAVANA BHAVAN LEXINGTON,

|  |  |
|---|---|
| Debtor. | **CHAPTER 11** |
|  | Case No. 14-40531 (CEC) |

-----------------------------------------------------------------X
FLAGSHIP S B NEW YORK, LLC,
D/B/A/ SARAVANA BHAVAN LEXINGTON,

|  |  |
|---|---|
| Plaintiff, | Adv. Pro. 14-_____ |

        -against-

SARABUDEEN ABDUL AZEEZ,

                        Defendant.
-----------------------------------------------------------------X

Plaintiff, by its attorneys, The Morrison Law Offices P.C., complaining of the Defendant

herein, hereby alleges the following:

## COMPLAINT

Plaintiff, Flagship S B New York, LLC ("Plaintiff", "Flagship" or "Debtor"), brings this

adversary proceeding ("Complaint") against Sarabudeen Abdul Azeez ("Azeez" or "Defendant"),

pursuant to Bankruptcy Code § 105(a) and Rule 7001(9) of the Federal Rules of Bankruptcy

Procedure, and respectfully alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is the debtor in the proceeding captioned *Flagship S B New York, LLC,*
*d/b/a/ Saravana Bhavan Lexington*, case no. 14-40531 (CEC), which is pending in the United
States Bankruptcy Court for the Eastern District of New York.  Debtor may be served with process
through its undersigned attorneys at 87 Walker Street, 2nd Floor, New York, New York 10013.

2.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.
§§157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.  This
adversary proceeding is a core proceeding to the Case pursuant to 28 U.S.C. §§157(b) (2) (B), (O).

3.     At all times herein mentioned, Flagship is a domestic limited liability company
organized and existing under the State of New York.

4.     At all times herein mentioned, Flagship owned and operated Saravana Bhavan
("Saravana"), a restaurant specializing in South Indian, vegetarian cuisine.  Flagship maintains its
offices at 87-12 58th Avenue, Elmhurst, New York 11373.  Saravana Bhavan is located at 81
Lexington Avenue, New York, New York.

5.     Defendant is an individual currently residing in at 88-38 163rd Street, Apartment
2R, Jamaica, New York, 11432.

6.     On February 5, 2014 (the "Petition Date"), Flagship commenced a Chapter 11 case
by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the
"Bankruptcy Code").  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor
continues to operate as debtors-in-possession.  No trustee has been appointed.

7.     The filing of this Chapter 11 case was necessitated by multiple collective action
lawsuits brought against the Debtor by creditors with similar claims to those asserted by the
Defendant.

## FACTUAL BACKGROUND

8.      Defendant began working at Saravana on or about April 15, 2011, as a "food runner."  In August 2011, he began working as a waiter.  His employment with Saravana was terminated on March 6, 2014, as a result of his repeated violations Saravana's rules, including, *inter alia*, his repeated failure to arrive at work on time and his refusal to allow plaintiff to deduct mandatory taxes from his pay.

9.      Shortly after Azeez's termination, his attorneys contacted Saravana's attorneys and alleged that Saravana owed him hourly wages, overtime, tips, and other sums.  The claims against Saravana alleged by Azeez are premised upon the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL").  Azeez's attorneys have threatened to commence a collective action lawsuit against Saravana on behalf of Azeez and other allegedly similarly situated individuals.

10.      Saravana is currently a defendant in two other lawsuits (collectively, the "current litigation" or "labor litigation") commenced in the Southern District of New York as collective actions premised upon alleged violations of the FLSA and the NYLL.  The current litigation consists of *Mohammed Hilmy v. Flagship S B Amsterdam NY LLC, et al,* (S.D.N.Y. case no. 13 cv. 6598) and *Shahul Hameed Aboobucker Mohamed v. Flagship S B Amsterdam NY LLC, et al,* (S.D.N.Y. case no. 13 cv. 8489).  The Complaints in the labor litigation are annexed hereto as Exhibits **"A"** and **"B"**, respectively.  Flagship's Chapter 11 filing was a direct result of the catastrophic exposure faced by Saravana as a result of the current litigation and the threat of additional litigation from individuals such as Azeez.

11.      The claims alleged in the labor litigation are nearly identical to those alleged by Azeez.  Moreover, the plaintiffs in the labor litigation are very similarly situated to Azeez.

3

12.     During the weeks preceding the filing of the instant Complaint, defendant's attorneys and plaintiff's labor litigation attorney have been negotiating in an attempt to resolve defendant's claims without resorting to litigation.  However, it has become apparent that Defendant is seeking damages amounting to far more than he would be entitled to even if, *arguendo*, every one of his factual allegations were accurate (and they are not).  For example, he is demanding payment of an amount equivalent to most, if not all, of the tips received by Saravana and its staff during the time of his employment.  He is essentially demanding payment of tips that indisputably belong to either Saravana or *other tipped staff.*  Defendant is seeking sums that are claimed by creditors in the current litigation, as well as any as-of-yet unidentified potential claimants in collective actions.

13.     Defendant is seeking a windfall distribution of the same sums claimed by similarly-situated creditors.  Because of this, Defendant's claims must be adjudicated under the supervision of the Bankruptcy Court.

14.     Furthermore, Defendant is seeking the individual assets of Mathaiah Ramaiah, a member of Flagship.  This will have a deleterious effect on the Debtor's reorganization efforts because Mr. Ramaiah is critical to: (i) attempting to revitalize Debtor; (ii) participating in the reorganization efforts; and (iii) addressing issues presented in this Chapter 11 case.

15.     Accordingly, Plaintiff respectfully requests that the Court issue a Declaratory Judgment pursuant to Bankruptcy Code §105(a) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure providing the relief described below.  It is well established that "[t]he purpose of a declaratory judgment, which is provided by Bankruptcy Rule 7001(9), is to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting violation of rights or disturbance of relationships." *In re Allied Artists Pictures Corp.*, 71 B.R.

445, 448 (S.D.N.Y. 1987). Declaratory Judgments are required in the instant case to settle the rights of the defendant, plaintiff, and plaintiff's creditors, and to remove uncertainty and insecurity regarding same.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

16.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 above as if fully set forth herein.

17.     Defendant was employed by Plaintiff from April 15, 2011, through March 6, 2014. Defendant alleges that Plaintiff failed to properly pay Defendant his tips during his tenure.

18.     In actuality, Plaintiff does not owe Defendant any additional tips.

19.     Defendant has indicated that he plans to commence a collective action against plaintiff.

20.     Plaintiff is currently a defendant in two actions commenced in the United States District Court for the Southern District of New York. The plaintiffs in these actions are similarly situated to Azeez, and allege claims against plaintiff that are nearly identical to those of Azeez.

21.     Azeez is seeking the same sums that are being sought by the plaintiffs in the current litigation, as well as any as-of-yet unnamed plaintiffs in collective actions.

22.     Azeez's claims, if successful, will have a profound and deleterious effect on the claims of similarly-situated creditors, on Debtor, and on Debtor's reorganization.

23.     Accordingly, plaintiff seeks a declaratory judgment holding that Plaintiff does not owe Defendant any additional tips deriving from Defendant's employment with Plaintiff. Plaintiff further seeks a declaration holding that Plaintiff does not owe any liquidated damages deriving from Defendant's allegations regarding tips.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 above as if fully set forth herein.

25.     Even if, hypothetically, Plaintiff owes Defendant additional tips stemming from Defendant's employment, or any liquidated damages related to same, the amount of said tips or liquidated damages is much smaller than the amount demanded by Defendant.  Any tips sought by Defendant must be divided among other "floor staff" who worked in Saravana at the same time as Defendant.  This floor staff includes waiters, bus boys, food runners, etc.  Defendant is nonetheless claiming entitlement to all of the tips received by the Saravana or by its staff during the period in which he worked, including shares of tips belonging to other floor staff.

26.     Azeez is seeking the same sums that are being sought by the plaintiffs in the current litigation, as well as any as-of-yet unnamed plaintiffs in collective actions.

27.     Azeez's claims, if successful, will have a profound and deleterious effect on the claims of similarly-situated creditors, on Debtor, and on Debtor's reorganization.

28.     Accordingly, Plaintiff seeks a declaratory judgment holding that if Defendant is owed tips from his employment with Plaintiff, the amount of those tips can be no greater than his share of the tips *vis a vis* the other floor staff who worked at Saravana at the same time as Defendant.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

29.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

30.    Defendant alleges that plaintiff failed to pay him adequate wages pursuant to the FLSA and the NYLL.

31.    In actuality, Plaintiff always paid plaintiff well above the amounts required under either the FLSA or the NYLL.

32.    Azeez is seeking the same sums that are being sought by the plaintiffs in the current litigation, as well as any as-of-yet unnamed plaintiffs in collective actions.

33.    Azeez's claims, if successful, will have a profound and deleterious effect on the claims of similarly-situated creditors, on Debtor, and on Debtor's reorganization.

34.    Accordingly, Plaintiff seeks a declaratory judgment holding that Defendant paid Plaintiff adequate wages at all relevant times.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
#### (Declaratory Judgment)

35.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 above as if fully set forth herein.

36.    Shortly after he began working for Saravana, Defendant asked Mr. Ramaiah if he could live in an apartment, located at 135 East 26th Street, which was rented by Flagship. The apartment was sometimes used as living accommodations for certain members of the kitchen staff who required easy access to the restaurant.

37.    Defendant offered to pay $600 per month as rent for the apartment. Flagship agreed to his request.

38.    The apartment was not provided to Defendant as an incident to his employment. Rather, it was rented by Defendant from Plaintiff pursuant to a tenant/sub-tenant relationship. Defendant was, at all relevant time, a member of Saravana' floor staff, and no other member of

Saravana's floor staff lived in the apartment.  The apartment was provided *only* to Saravana's kitchen staff as an incident of their employment.

39.    Defendant's calculations regarding the amount of compensation allegedly owed by Plaintiff do not factor the amount of rent he was responsible for pursuant to his arrangement with Flagship.

40.    Azeez's claims, if successful, will have a profound and deleterious effect on the claims of similarly-situated creditors, on Debtor, and on Debtor's reorganization.

41.    Accordingly, Plaintiff seeks a declaratory judgment holding that any overtime allegedly owed Defendant must be reduced by the $600 per month Defendant was responsible for as rent.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment)

42.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 41 above as if fully set forth herein.

43.    Defendant alleges that plaintiff owes him "spread-of-hours" wages pursuant to the 12 NYCRR § 142-2.4.  It is well established, however, the New York's "spread-of-hours" provisions apply only to workers paid at or below minimum wage. *Li Ping Fu v. Pop Art Int'l Inc.*, 10 Civ. 8562 (DLC) (AJP), 2011 U.S. Dist. LEXIS 113614, **27-28 (S.D.N.Y. 2011); *Franklin v. Breton Int'l, Inc.*, 06 Civ. 4877 (DLC), 2006 U.S. Dist. LEXIS 88893, *13 (S.D.N.Y. 2006).

44.    Defendant was, at all relevant times, paid above minimum wage.  As such, he was not entitled to "spread-of-hours" wages pursuant to 12 NYCRR § 142-2.4.

45.    Azeez's claims, if successful, will have a profound and deleterious effect on the claims of similarly-situated creditors, on Debtor, and on Debtor's reorganization.

8

46.     Accordingly, Plaintiff seeks a declaratory judgment holding that Defendant is not entitled to "spread-of-hours" wages under 12 NYCRR § 142-2.4 from Flagship or Mr. Ramaiah.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment)

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth herein.

48.     Defendant alleges that Plaintiff improperly deducted a "tip credit" from his wages. Defendant further alleges that Plaintiff did not inform him that it was subtracting said "tip credit" from his wages, and that, because of this, the "tip credit" deduction were unlawful pursuant to New York and federal law.

49.     In actuality, Plaintiff did inform defendant of the "tip credit" deduction, and defendant was aware of it at all relevant times.

50.     Azeez's claims, if successful, will have a profound and deleterious effect on the claims of similarly-situated creditors, on Debtor, and on Debtor's reorganization.

51.     Accordingly, Plaintiff seeks a declaratory judgment holding that the "tip credit" deduction applied by Plaintiff to Defendant's wages was, at all times, proper and lawful.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment)

52.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 51 above as if fully set forth herein.

53.     Defendant alleges that Plaintiff's termination of his employment was in retaliation to an alleged complaint made to the New York Department of Labor.

54.     Defendant claims that Plaintiff is liable for additional damages as a result of the allegedly retaliatory termination pursuant to 29 U.S.C. §§215(a)(3) and 216(b).

9

55.     In actuality, Defendant's termination was not retaliatory in any way.  Defendant was terminated solely because of his repeated violations of Saravana's rules, including, *inter alia*, his repeated failure to arrive at work on time and his refusal to allow plaintiff to deduct mandatory taxes from his pay.

56.     Azeez's claims, if successful, will have a profound and deleterious effect on the claims of similarly-situated creditors, on Debtor, and on Debtor's reorganization.

57.     Accordingly, plaintiff seeks a declaratory judgment holding that Plaintiff's termination of Defendant's employment was not a retaliatory act, and was not unlawful or improper.

**WHEREFORE**, Plaintiff, Flagship S B New York, LLC, requests judgment:

A.     declaring that Plaintiff does not owe Defendant any additional tips deriving from Defendant's employment with Plaintiff;

B.     declaring that Plaintiff does not owe any liquidated damages deriving from Defendant's allegations regarding tips;

C.     declaring that if Defendant is owed tips from his employment with Plaintiff, the amount of those tips can be no greater than his share of the tips *vis a vis* the other floor staff who worked at Saravana at the same time as Defendant;

D.     declaring that Defendant paid Plaintiff adequate wages at all relevant times;

E.     declaring that any overtime allegedly owed Defendant must be reduced by the $600 per month Defendant was responsible for as rent;

F.     declaring that Defendant is not entitled to "spread-of-hours" wages under 12 NYCRR § 142-2.4 from Flagship or Mr. Ramaiah;

G.     declaring that the "tip credit" deduction applied by Plaintiff to Defendant's wages

10

was, at all times, proper and lawful;

H.    declaring that Plaintiff's termination of Defendant's employment was not a retaliatory act, and was not unlawful or improper; and

I.    granting such other and further relief at this Court deems just and proper.

Dated: New York, New York
      May 3, 2014

THE MORRISON LAW OFFICES P.C.

By: _____
Lawrence F. Morrison
87 Walker Street
New York, New York 10013
Tel.: 212-620-0938

*Attorneys for the Plaintiff*

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
STATE OF NEW YORK          )

MATHAIAH RAMAIAH, being duly sworn, deposes and says:

That he is a member of the debtor in the instant action; that he has read the Verified Complaint filed with this Verification, and knows the contents thereof; and that the same are true to his own knowledge, except as to matters stated to be alleged upon information and belief, and as to those statements, he believes them to be true; and that the grounds for his belief as to all matters in the Verified Complaint not stated to be upon his knowledge are based upon a review of documentation debtor maintain in the course of its business, and other writings relevant to this action.

MATHAIAH RAMAIAH

Subscribed and sworn to or affirmed before
Me this 3rd day of May , 2014.

Notary Public
(Affix seal or stamp)

KENNY J ARIAS
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in New York County
01AR6245280
MY COMMISSION EXPIRES 07/18/2015

12

D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and the FLSA
Collective Plaintiffs*

**13 CIV 6598**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MOHAMMED HILMY, on behalf of himself
and others similarly situated,

INDEX NO.

                Plaintiff,

**COMPLAINT**

     v.

**FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION**

FLAGSHIP S B NEW YORK, LLC, d/b/a
SARAVANAA BHAVAN LEXINGTON,
FLAGSHIP S B AMSTERDAM NY LLC,
d/b/a SARAVANAA BHAVAN
AMSTERDAM, and MATHAIAH
RAMAIAH,

**DEMAND FOR JURY TRIAL**

             Defendants.
-------------------------------------------------------x

     1.    Plaintiff, on behalf of himself and all others similarly situated, alleges as
follows:

<u>JURISDICTION AND VENUE</u>

     2.    This Court has original federal question jurisdiction under 28 U.S.C. §
1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et
seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.    Defendant Flagship S B New York, LLC, is a New York corporation. Defendant Flagship S B New York, LLC, operates Saravanaa Bhavan restaurant located at 81 Lexington Avenue, New York, NY 10016.

5.    Defendant Flagship S B Amsterdam NY, LLC, is a New York corporation. Defendant Flagship S B Amsterdam NY, LLC, operates Saravanaa Bhavan restaurant located at 413 Amsterdam Avenue, New York, NY 10024.

6.    Upon information and belief, Flagship S B New York, LLC, has an annual gross volume of sales in excess of $500,000.

7.    Defendant Mathaiah Ramaiah is an owner and operator of two Saravanaa Bhavan restaurants. One is located on 81 Lexington Avenue, New York, NY 10016, and one is located at 413 Amsterdam Avenue, New York, NY 10024.

8.    Defendant Ramaiah has the authority to hire and fire employees, and is in charge of budgeting issues, including payroll.

9.    Defendant Ramaiah exercises control over the restaurant's day to day operations.  Mr. Ramaiah is actively involved in managing the restaurant's operations. For example, Mr. Ramaiah is at the restaurant every day and monitors the restaurant's payroll.

10.     To the extent Defendants retained employment records, Defendant Ramaiah exercised control over those records.

11.     Upon information and belief, Defendant Ramaiah is an employer of Plaintiff and those similarly situated under the FLSA and New York Labor Law.

12.     All Defendants are hereinafter collectively referred to as "Defendants."

13.     Plaintiff Mohammed Hilmy has been employed by Defendants as a server since December 2010.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff brings the state law Claims for Relief (Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

19.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which

the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

20.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, and illegal retention of tips.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense

pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b)    At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

c)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

d)    Whether Defendants paid Plaintiff and the Class members the federal and state minimum wage for all hours worked.

e)    Whether Defendants properly compensated Plaintiff and Class members for overtime.

f)    Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

g)    Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

h)    Whether it was Defendants' policy or practice to fail to furnish Plaintiff and the Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL.

## FACTS

25.    Plaintiff's consent to sue form is attached hereto as Exhibit A.

7

26.     In December 2010, Plaintiff began working as a server at Defendants' Lexington Avenue location.

27.     From December 2010 until June 2011, Plaintiff was compensated $450 per week, regardless of the amount of hours he worked.

28.     From June 2011 until November 2011, Plaintiff was compensated $475 per week, regardless of the amount of hours he worked.

29.     From November 2011 until February 2012, Plaintiff was compensated $500 per week, regardless of the amount of hours he worked.

30.     From February 2012 until May 2012, Plaintiff was compensated $550 per week, regardless of the amount of hours he worked.

31.     From December 2010 until May 2012, Plaintiff worked 65 hours per week. Plaintiff worked a lunch shift and a dinner shift six days per week, from 10-11:00 a.m. until 10-11:00 p.m.

32.     From December 2010 until November 2012, Defendant illegally retained Plaintiff's tips in their entirety. Plaintiff received no tips during this time.

33.     Plaintiff's workdays often lasted longer than 10 hours.  However, Defendants did not pay Plaintiffs New York's spread of hours premium for these days.

34.     Defendants did not provide Plaintiff with the notices required by N.Y. Lab. L. § 195.

35.     Defendants committed the foregoing acts knowingly and willfully.

### FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. § 201, *et seq.*,
Brought by Plaintiff on Behalf of
Himself and the FLSA Collective Plaintiffs)

36.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37.     At all relevant times, Defendants has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants has employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

38.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

39.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)

40.     Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

41.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

42.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

43.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one-and-one-half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

44.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
Brought by Plaintiff on Behalf of Himself and the Class)**

45.     Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46.     Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

47.     Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

48.     Defendants' failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

49.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York Overtime Violations, N.Y. Lab. L. § 650 *et seq.*,
N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3, 146-1.4
Brought by Plaintiff on Behalf of Himself and the Class)**

50.     Plaintiff, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

51.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

52.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

60.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SEVENTH CLAIM FOR RELIEF
**(New York Notice Violations, NYLL §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

61.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Defendants did not provide Plaintiff and the Class members with the notices required by NYLL § 195.

63.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

D.    Designation of Plaintiff as Representative of the Class.

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.    Pre-Judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

53.   As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities,
N.Y. Lab. L. §§ 193, 196-d and 198-b
Brought by Plaintiff on Behalf of
Himself and the Class)**

54.   Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

55.   Defendants retained all of Plaintiff's tips and Class members' tips.

56.   As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7
Brought by Plaintiffs on Behalf of
Himself and the Class)**

57.   Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58.   Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

59.   Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

which they have a right.

Dated:  New York, New York          Respectfully submitted,
        September 18, 2013

                                    JOSEPH & KIRSCHENBAUM LLP


                                    By: _D. Maimon Kirschenbaum_____
                                        D. Maimon Kirschenbaum
                                        233 Broadway
                                        5th Floor
                                        New York, NY 10279
                                        Tel: (212) 688-5640
                                        Fax: (212) 688-2548

                                    *Attorneys for Named Plaintiff, proposed
                                    FLSA Collective Plaintiffs, and proposed
                                    Class*

Exhibit A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Saravanaa Vhavan** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.


Mohamed Hilmy
_____
Full Legal Name (Print)

_____
Signature

9-10-2013
_____
Date

**JUDGE FURMAN**

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

# 13 CV 8489

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
NOV 27 2013
U.S.D.C. S.D.N.Y.
CASHIERS

---

**SHAHUL HAMEED ABOOBUCKER MOHAMED,**
on behalf of himself and all others similarly situated,

        **Plaintiff,**

    **-against-**

**SARAVANA BHAVAN LLC, FLAGSHIP S B NEW YORK LLC, FLAGSHIP S B AMSTERDAM NY, LLC, OOTY LLC** (collectively d/b/a the **"SARAVANA BHAVAN RESTAURANTS"**), **MATHAIAH RAMAIAH,** and **VEENA RAMAIAH-SHAHUL HAMEED,**

        **Defendants.**

---

**COLLECTIVE ACTION COMPLAINT**

---

    Plaintiff Shahul Hameed Aboobucker Mohamed ("Mohamed" or "Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

    1.    This lawsuit seeks to recover overtime compensation, spread-of-hours pay, and statutory penalties for Plaintiff and his similarly situated co-workers – cooks, assistant cooks, and other "non-exempt workers" – who work or have worked at the Saravana Bhavan Restaurants located at 81 Lexington Avenue and 413 Amsterdam Avenue in New York, New York.

2.     The Saravana Bhavan Restaurants are a popular chain of Indian restaurants that have been reviewed in numerous printed and online restaurant guides, including the New York Times and New York Magazine. The restaurants are owned, operated and controlled by Saravana Bhavan LLC, Flagship S B New York LLC, Flagship S B Amsterdam NY, LLC, Ooty LLC, Mathaiah Ramaiah, and Veena Ramaiah-Shahul Hameed (collectively, "Defendants").

3.     Throughout Plaintiff's employment, Defendants have been part of a single integrated enterprise that has jointly employed non-exempt workers at the Saravana Bhavan Restaurants. This enterprise is centrally controlled by Mathaiah Ramaiah and his daughter Veena Ramaiah-Shahul Hameed, who own, manage and oversee operations at the two Saravana Bhavan Restaurants listed above. The Saravana Bhavan Restaurants also operate a website, www.saravanaabhavannyc.com, which provides general information for both locations. More importantly, non-exempt workers at the Saravana Bhavan Restaurants perform the same basic job duties, are subject to the same employment policies and practices, and are directed and/or permitted by Defendants to perform work at both restaurant locations without retraining.

4.     Throughout Plaintiff's employment, non-exempt workers at the Saravana Bhavan Restaurants have consistently been required to work over 10 hours per day and over 40 hours per week.

5.     Throughout Plaintiff's employment, Defendants have not made any efforts to monitor and/or record the actual hours worked by non-exempt workers.

6.     Throughout Plaintiff's employment, non-exempt workers have received fixed monthly salaries, regardless of the actual hours they have worked. The monthly salaries paid by Defendants have failed to compensate non-exempt workers with the appropriate overtime premiums for hours worked beyond 40 per workweek or spread-of-hours pay for days when they worked over 10 hours.

7.      Throughout Plaintiff's employment, Defendants have failed to furnish non-exempt workers with annual wage notices or accurate wage statements.  In fact, monthly wages received by non-exempt workers have not been accompanied with any explanation of wages whatsoever.

8.      Defendants have applied the same employment policies, practices and procedures to all non-exempt workers at the Saravana Bhavan Restaurants.

9.      Plaintiff brings this action on behalf of himself and all similarly situated current and non-exempt workers at the Saravana Bhavan Restaurants who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

10.     Plaintiff also brings this action, individually, to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Shahul Hameed Aboobucker Mohamed**

11.     Mohamed is an adult individual who is a resident of New York, New York.

12.     Mohamed has been employed by Defendants as a cook – a non-exempt worker – at the Saravana Bhavan Restaurants from in or around 2007 to present.  During this period, Mohamed has worked at the Saravana Bhavan Restaurants located at 81 Lexington Avenue (in or around 2007 to present) and 413 Amsterdam Avenue (in or around mid-2011 to present).

13.     Mohamed is a covered employee within the meaning of the FLSA and the NYLL.

- 3 -

14.     A written consent form for Mohamed is being filed with this Collective Action Complaint.

**Defendants**

15.     Defendants have jointly employed Plaintiff and similarly situated employees at all times relevant.

16.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

17.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

18.     Defendants' operations are interrelated and unified.

19.     During all relevant times, the Saravana Bhavan Restaurants have shared a common management, and have been centrally controlled and/or owned by Defendants.

20.     During all relevant times, Defendants have centrally controlled the labor relations of the Saravana Bhavan Restaurants.

21.     During all relevant times, Defendants have allowed employees to transfer or be shared by and between the Saravana Bhavan Restaurants without retraining.

**Saravana Bhavan, LLC**

22.     Together with the other Defendants, Saravana Bhavan, LLC has owned and/or operated the Saravana Bhavan Restaurants during the relevant period.

23.     Saravana Bhavan, LLC is a domestic limited liability company organized and existing under the laws of New York.

24.     Upon information and belief, Saravana Bhavan, LLC's principal executive office is located at 25 Sutton Place South, Apartment 12H, New York, New York 10022.

25.     Saravana Bhavan, LLC has owned and/or operated the Saravana Bhavan Restaurants through Flagship S B New York LLC and Flagship S B Amsterdam NY, LLC, wholly joined subsidiaries of Saravana Bhavan, LLC.  Each subsidiary of Saravana Bhavan, LLC has shared the same common policies and procedures, which are enforced at both Saravana Bhavan Restaurants.

26.     Saravana Bhavan, LLC is the "Trade Name" that appears on the active New York State Liquor Authority license for the premises located at "413 AMSTERDAM AVE, NEW YORK, NY 10024," and the "Premises Name" that appears on the inactive New York State Liquor Authority licenses for the premises located at "81 LEXINGTON AVE, NEW YORK, NY 10016" d/b/a "SARAVANA," and "81 83 LEXINGTON AVE, NEW YORK, NY 10016."

27.     Saravana Bhavan, LLC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

28.     At all relevant times, Saravana Bhavan, LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

29.     Saravana Bhavan, LLC applies the same employment policies, practices, and procedures to all non-exempt workers, including policies, practices, and procedures with respect to payment of overtime compensation and spread-of-hours pay.

30.     Upon information and belief, at all relevant times, Saravana Bhavan, LLC's annual gross volume of sales made or business done was not less than $500,000.00.

**Flagship S B New York LLC**

31.     Together with the other Defendants, Flagship S B New York LLC ("S B New York") has owned and/or operated the Saravana Bhavan Restaurants during the relevant period.

32.     S B New York is a domestic limited liability company organized and existing under the laws of New York.

33.     S B New York's principal executive office is located at 81 Lexington Avenue, New York, New York 10016.

34.     S B New York is the corporate identity that has appeared on Plaintiff's paychecks for work performed at the Saravana Bhavan Restaurants.

35.     S B New York is the "Premises Name" that appears on the active New York State Liquor Authority license for the premises located at "81 83 LEXINGTON AVE, NEW YORK, NY 10016" d/b/a "SARAVANA BHAVAN."

36.     S B New York is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

37.     At all relevant times, S B New York has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

38.     S B New York applies the same employment policies, practices, and procedures to all non-exempt workers, including policies, practices, and procedures with respect to payment of overtime compensation and spread-of-hours pay.

39.     Upon information and belief, at all relevant times, S B New York's annual gross volume of sales made or business done was not less than $500,000.00.

**Flagship S B Amsterdam NY, LLC**

40.     Together with the other Defendants, Flagship S B Amsterdam NY, LLC ("S B Amsterdam") has owned and/or operated the Saravana Bhavan Restaurants during the relevant period.

41.     S B Amsterdam is a domestic limited liability company organized and existing under the laws of New York.

42.     S B Amsterdam's principal executive office is located at 413 Amsterdam Avenue, New York, New York 10024.

43.     S B Amsterdam is the "Premises Name" that appears on the active New York State Liquor Authority license for the premises located at "413 AMSTERDAM AVE, NEW YORK, NY 10024" d/b/a "SARAVANA BHAVAN LLC."

44.     S B Amsterdam is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

45.     At all relevant times, S B Amsterdam has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

46.     S B Amsterdam applies the same employment policies, practices, and procedures to all non-exempt workers, including policies, practices, and procedures with respect to payment of overtime compensation and spread-of-hours pay.

47.     Upon information and belief, at all relevant times, S B Amsterdam's annual gross volume of sales made or business done was not less than $500,000.00.

**Ooty LLC**

48.     Together with the other Defendants, Ooty LLC ("Ooty") has owned and/or operated the Saravana Bhavan Restaurants during the relevant period.

49.     Ooty is a domestic limited liability company organized and existing under the laws of New York.

50.     Upon information and belief, Ooty's principal executive office is located at 25 Sutton Place South, Apartment 12H, New York, New York 10022.

51.     Ooty is identified by the New York State Liquor Authority as a "Principal" on the active New York State Liquor Authority license for the premises located at "81 83 LEXINGTON AVE, NEW YORK, NY 10016" d/b/a "SARAVANA BHAVAN."

52.     Ooty is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

53.     At all relevant times, Ooty has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

54.     Ooty applies the same employment policies, practices, and procedures to all non-exempt workers, including policies, practices, and procedures with respect to payment of overtime compensation and spread-of-hours pay.

55.     Upon information and belief, at all relevant times, Ooty's annual gross volume of sales made or business done was not less than $500,000.00.

**Mathaiah Ramaiah**

56.     Upon information and belief, Mathaiah Ramaiah ("Ramaiah") is a resident of the State of New York.

57.     At all relevant times, Ramaiah has been an owner of the Saravana Bhavan Restaurants.

58.     Ramaiah hired Mohamed to work at the Saravana Bhavan Restaurants, and has hired and fired other similarly situated employees.

59.     Ramaiah has been the individual who Mohamed spoke to about pay increases at the Saravana Bhavan Restaurants, and the individual who has made decisions regarding Mohamed's compensation.

60.     Ramaiah has signed paychecks received by Mohamed for work performed at the Saravana Bhavan Restaurants, and has distributed pay to Mohamed and similarly situated employees.

61.     Ramaiah has directed Mohamed to perform work as a cook at multiple Saravana Bhavan Restaurants without retraining.

62.     The Entity Information provided by the New York State Department of State –
Division of Corporations identifies Ramaiah as the Registered Agent of Saravana Bhavan, LLC,
and the individual to which Department of State will mail process on behalf of S B Amsterdam.

63.     Ramaiah is identified by the New York State Liquor Authority as a "Principal" on
the active New York State Liquor Authority licenses for the premises located at "81 83
LEXINGTON AVE, NEW YORK, NY 10016" d/b/a "SARAVANA BHAVAN," and "413
AMSTERDAM AVE, NEW YORK, NY 10024" d/b/a "SARAVANA BHAVAN LLC."

64.     At all relevant times, Ramaiah has had power over personnel decisions at the
Saravana Bhavan Restaurants, including the power to hire and fire employees, set their wages, and
otherwise control the terms and conditions of their employment.

65.     At all relevant times, Ramaiah has had power over payroll decisions at the Saravana
Bhavan Restaurants, including the power to retain time and/or wage records.

66.     At all relevant times, Ramaiah has been actively involved in managing the day to
day operations of the Saravana Bhavan Restaurants.

67.     At all relevant times, Ramaiah has had the power to stop any illegal pay practices
that harmed Plaintiff and similarly situated employees.

68.     At all relevant times, Ramaiah has had the power to transfer the assets and/or
liabilities of the Saravana Bhavan Restaurants.

69.     At all relevant times, Ramaiah has had the power to declare bankruptcy on behalf
of the Saravana Bhavan Restaurants.

70.     At all relevant times, Ramaiah has had the power to enter into contracts on behalf
of the Saravana Bhavan Restaurants.

71.     At all relevant times, Ramaiah has had the power to close, shut down, and/or sell the Saravana Bhavan Restaurants.

72.     Ramaiah is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**Veena Ramaiah-Shahul Hameed**

73.     Upon information and belief, Veena Ramaiah-Shahul Hameed ("Hameed") is a resident of the State of New York.

74.     At all relevant times, Hameed has been an owner of the Saravana Bhavan Restaurants.

75.     The Entity Information provided by the New York State Department of State – Division of Corporations identifies Hameed as the individual to which Department of State will mail process on behalf of S B New York.

76.     Hameed is identified by the New York State Liquor Authority as a "Principal" on the active New York State Liquor Authority license for the premises located at "81 83 LEXINGTON AVE, NEW YORK, NY 10016" d/b/a "SARAVANA BHAVAN."

77.     At all relevant times, Hameed has had power over personnel decisions at the Saravana Bhavan Restaurants, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

78.     At all relevant times, Hameed has had power over payroll decisions at the Saravana Bhavan Restaurants, including the power to retain time and/or wage records.

79.     At all relevant times, Hameed has been actively involved in managing the day to day operations of the Saravana Bhavan Restaurants.

80.     At all relevant times, Hameed has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

81.    At all relevant times, Hameed has had the power to transfer the assets and/or liabilities of the Saravana Bhavan Restaurants.

82.    At all relevant times, Hameed has had the power to declare bankruptcy on behalf of the Saravana Bhavan Restaurants.

83.    At all relevant times, Hameed has had the power to enter into contracts on behalf of the Saravana Bhavan Restaurants.

84.    At all relevant times, Hameed has had the power to close, shut down, and/or sell the Saravana Bhavan Restaurants.

85.    Hameed is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

86.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

87.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

88.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

89.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

90.     Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated current and former non-exempt workers at the Saravana Bhavan Restaurants, who elect to opt-in to this action (the "FLSA Collective").

91.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and the FLSA Collective.

92.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the appropriate premium overtime compensation for all hours worked beyond 40 per workweek.

93.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

94.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

   (a)     willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

   (b)     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

95.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the hours they work.

96.     Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

97.    Plaintiff and the FLSA Collective perform or performed the same primary duties.

98.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

99.    There are many similarly situated current and former non-exempt workers who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

100.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

101.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## PLAINTIFF'S FACTUAL ALLEGATIONS

102.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Shahul Hameed Aboobucker Mohamed**

103.    Defendants have not paid Mohamed the proper overtime wages and spread-of-hours pay for all of the time that he has been suffered or permitted to work each workweek.

104.    Defendants have generally compensated Mohamed with a set monthly salary, regardless of the hours he worked.  During his employment, Mohamed has been paid approximately: $2,000.00 per month from in or around 2007 to 2008; $2,400.00 per month from in or around 2009 to May 2013; and $2,600.00 per month from in or around June 2013 to present.

105.    At all times, Mohamed has understood that his monthly salary has been intended to compensate him for a 40 hour workweek.

106.    During his employment, Mohamed has generally worked the following scheduled

hours, unless he missed time for vacation, sick days or holidays:

(a)    In or around 2007 to mid-2011 (average of approximately 75 hours per week at 81
Lexington Avenue): Four weekdays from approximately 7:30 a.m. to 3:00 p.m. and
5:30 p.m. to 10:00 p.m., and two weekend days from approximately 7:30 a.m. to 3:00
p.m. and 4:30 p.m. to 10:30 p.m.; and

(b)    In or around mid-2011to present (average of approximately 76 hours per week split
between 81 Lexington Avenue and 413 Amsterdam Avenue): Four weekdays from
approximately 7:30 a.m. to 3:00 p.m. and 5:00 p.m. to 10:00 p.m., and two weekend
days from approximately 7:30 a.m. to 3:00 p.m. and 5:00 p.m. to 10:30 p.m.

107.    As discussed above, Defendants have consistently suffered or permitted

Mohamed to work over 40 hours per week as a cook, up to a maximum of approximately 80

hours per week.  During such workweeks, Defendants have not compensated Mohamed at time

and one-half his regular hourly rate for all of the overtime hours he worked, but have rather

provided Mohamed with a fixed monthly salary that has been intended to compensate him for a

40 hour workweek.

108.    Defendants have been required to pay Mohamed at time and one-half his regular

hourly rate for all hours worked beyond 40 per workweek.

109.    As discussed above, Defendants have consistently suffered or permitted

Mohamed to work over 10 hours per day as a cook.  Defendants have not paid Mohamed one

additional hour of pay at the basic minimum hourly rate for all of the times that the length of the

interval between the beginning and end of his workday – including working time plus time off

for meals plus intervals off duty – was greater than 10 hours.

110.    Defendants have not kept accurate records of wages earned or of hours worked by

Mohamed.  In fact, Defendants have not utilized any procedures to monitor or record the hours

worked by non-exempt workers at the Saravana Bhavan Restaurants.

111.    Defendants have failed to furnish Mohamed with annual wage notices.

112.    Defendants have failed to furnish Mohamed with accurate statements of wages, hours worked, rates paid, and gross wages.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

113.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

114.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

115.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

116.    At all times relevant, Plaintiff and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

117.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

118.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

119.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

120.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective the appropriate overtime wages for all of the hours they have worked in excess of 40 hours in a workweek.

121.   Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime at a rate of time and one-half their regular hourly rate for all hours worked in excess of 40 hours per workweek.

122.   Defendants' unlawful conduct, as described in this Collective Action Complaint, has been willful and intentional. Defendants have been aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

123.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

124.   As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff)

125.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

126.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action Complaint.

127.   At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

128.   At all times relevant, Plaintiff has been covered by the NYLL.

- 16 -

129.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

130.    Defendants have failed to pay Plaintiff the appropriate overtime wages for all of the hours he has worked in excess of 40 hours in a workweek.

131.    Defendants have failed to pay Plaintiff overtime at a rate of time and one-half his regular hourly rate for all hours worked in excess of 40 per workweek.

132.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

133.    Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

134.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Spread-of-Hours Pay**
**(Brought on behalf of Plaintiff)**

135.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

136.    Defendants have failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

- 17 -

137.    Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

138.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff)

139.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

140.    Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

141.    Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

142.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide him with wage notices, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FIFTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff)**

143.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

144.     Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

145.     Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

146.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide him with accurate wage statements, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Saravana Bhavan Restaurants.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.     Payment of a service award to Plaintiff, in recognition of the services he has rendered and will continue to render to the FLSA Collective;

D.     Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

E.     Unpaid overtime pay, spread-of-hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.     Statutory penalties of fifty dollars for each workweek that Defendants failed to furnish Plaintiff with wage notices, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

G.     Statutory penalties of one hundred dollars for each workweek that Defendants failed to furnish Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

H.      Prejudgment and post-judgment interest;

I.      An injunction requiring Defendants to pay all statutorily required wages and cease

the unlawful activity described herein pursuant to the NYLL;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        November 27, 2013

Respectfully submitted,

Eric J. Gitig

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Collective*

- 21 -

<u>FAIR LABOR STANDARDS ACT CONSENT</u>

1.      I consent to be a party plaintiff in a lawsuit against SARAVANAA BHAVAN and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP, ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____
Signature


SHAHUL  HAMEED  ABOUBUCKER  MOHAMED
Full Legal Name (Print)



# EXHIBIT C

Hearing Date: July 8, 2014, 11:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re: FLAGSHIP S B NEW YORK, LLC

Bankruptcy Case No.: 1-14-40531-cec

FLAGSHIP S B NEW YORK, LLC,

Adversary Proceeding No.: 1-14-01066-cec

          Plaintiff,

**NOTICE OF MOTION TO DISMISS**

- against -

SARABUDEEN ABDUL AZEEZ,

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## NOTICE OF MOTION TO DISMISS
## COMPLAINT IN ADVERSARY PROCEEDING

     PLEASE TAKE NOTICE, that upon this notice of motion and the accompanying

memorandum of law, Sarabudeen Abdul Azeez, by his attorneys, Cary Kane LLP, will move this

Court before the Honorable Carla Craig, Chief Judge United States Bankruptcy Court, Eastern

District of New York, at the United State Bankruptcy Court, 271-C Cadman Plaza East, Suite 1595,

Brooklyn, New York 11201, on the 8th day of July, 2014, at 11:30 a.m., or as soon thereafter as

counsel may be heard, for an order pursuant to Federal Rules of Civil Procedure 12(b)(6)

(incorporated by Fed. R. Bankr. P. 7012), dismissing the adversary complaint, together with such

other and further relief as the Court may find just, proper, and equitable.

     PLEASE TAKE FURTHER NOTICE, that responses to this motion, if any, must (i) be

made in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local

Bankruptcy Rules; (iii) set forth the factual grounds upon which relief is opposed and the legal

authorities in support of that position; and (iv) be served upon the undersigned no later than seven days before the hearing date.

Dated: June 9, 2014
       New York, New York

                         Respectfully submitted,

                         CARY KANE LLP
                         Attorneys for Defendant

                      By: _____/s/ Tara Jensen_____
                         Tara Jensen
                         1350 Broadway, Suite 1400
                         New York, New York 10018
                         (212) 868-6300
                         (212) (868-6302 (fax)
                         tjensen@carykane.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re FLAGSHIP S B NEW YORK, LLC         Bankruptcy Case No.: 1-14-40531-cec


FLAGSHIP S B NEW YORK, LLC,         Adversary Proceeding No.: 1-14-01066-cec

        Plaintiff,

- against -

SARABUDEEN ABDUL AZEEZ,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

STATE OF NEW YORK     }
COUNTY OF NEW YORK   }

## DECLARATION OF TARA JENSEN
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Tara Jensen, pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I am a member in good standing, and, as of June 9, 2014, I am admitted to the Bar of this Court, in addition to the Bars of the United States District Court for the Southern District of New York and the State of New York.

2.     I am an attorney with the law office of Cary Kane, LLP, attorneys for Defendant Sarabudeen Abdul Azeez ("Azeez") in the above-entitled action. I am familiar with the facts and circumstances in this action.

3.     By letter, dated March 18, 2014, this firm notified Plaintiff Flagship S B of New York, LLC ("Plaintiff"), through Mathaiah Ramaiah ("Ramaiah"), of labor law violations that took place during Azeez's employment ("notice letter"), pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and the New York State Labor Law, N.Y.

Labor Law § 190 et seq. and the New York Minimum Wage Act, N.Y. Labor Law § 650 et seq. ("NYSLL").   A copy of the notice letter is attached hereto as Exhibit 1.

4.     In the notice letter, this firm set forth the applicable legal and factual grounds for Azeez's claims that he was not properly paid wages, overtime, and tips during his employment at Plaintiff's restaurant, Saravana Bhavan ("Saravana"), which, based on the information available to us, amounted to approximately $170,000 in unpaid compensation. See Ex. 1, at 3.

5.     Specifically, this firm notified Plaintiff that for a period of time during Azeez's employment, Saravana unlawfully retained the tips belonging to Azeez and other waiters, failed to properly pay the statutorily required overtime wages for the hours he worked over 40 in a week, failed to properly pay Azeez the statutorily required spread of hours pay for each day he worked over 10 hours, and that he was unlawfully fired in retaliation for the wage and overtime complaint he made to the New York Department of Labor ("DOL"). See Ex. 1, at 1-3.

6.     By letter, this firm advised Saravana of our client's interest in discussing an amicable resolution and asked Saravana to call us if it was similarly interested.  The letter stated that if Saravana was not interested in discussing a potential resolution, we would pursue legal action against Saravana and Ramaiah for these labor law violations on Azeez's behalf.  See Ex. 1 at 3.

7.     On or about March 31, 2014, this firm and Saravana's labor counsel, Brian Greben ("Greben" or "labor counsel"), began discussing the possibility of a settlement of Azeez's claims against Saravana and Ramaiah.

8.     During these discussions, Greben, who upon information and belief, was acting on behalf of both Saravana and Ramaiah, informed us that Flagship had filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") on February 5, 2014.  Greben did not advise this firm that Ramaiah had filed for bankruptcy.

2

9.     This firm advised Greben that because Ramaiah did not file for bankruptcy, he remains individually liable for Azeez's claims of labor law violations.

10.     Settlement discussions between the parties continued until the beginning of May 2014.

11.     The last communication between Greben and I took place on May 2, 2014.  At that time, I was still under the impression that Greben would be producing additional documents that Greben had advised me he would produce that would be helpful to our settlement negotiations.

12.     Instead, however, on May 9, 2014, Plaintiff's bankruptcy counsel served this firm with a copy of the Complaint for declaratory judgment in this adversary proceeding.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
        June 9, 2014



_____/s/ Tara Jensen_____
            Tara Jensen

3

# EXHIBIT 1

# CARY KANE

#### A LIMITED LIABILITY PARTNERSHIP FOR THE PRACTICE OF LAW

March 18, 2014

<u>**VIA CERTIFIED MAIL – RRR**</u>

Mr. Mathaiah Ramaiah
Saravana Bhavan, LLC
81 Lexington Ave.
New York, NY 10016

Re:     <u>Sarabudeen Abdul Azeez</u>

Dear Mr. Ramaiah:

We have been retained by Sarabudeen Abdul Azeez in connection with his employment with Saravana Bhavan, LLC ("Saravana"). Mr. Azeez worked for Saravana as a server from April 15, 2011 until his employment was terminated on March 6, 2014. Based on the information provided to us, we believe Saravana failed to properly pay Mr. Azeez his tips and wages during his tenure.

For the first 20 months of his employment, Mr. Azeez received a weekly rate of pay ranging from $475 to $600. Although the restaurant collected tips from customers during this time, Saravana failed to pay tips to Mr. Azeez and the other servers employed at the time. By unlawfully retaining tips collected from customers, Saravana violated both federal and state law. Federal law prohibits employers from taking tips from its wait staff and requires that "all tips received by such employee [be] retained by the employee." 29 U.S.C. § 203(m). Similarly, New York law prohibits any employer from "demand[ing] or accept[ing], directly or indirectly, any part of the gratuities received by an employee, or retain[ing] any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. LABOR LAW § 196(d). By retaining his tips, Saravana made unlawful deductions from Mr. Azeez's wages in violation of N.Y. LABOR LAW §§ 196-d, 198. Mr. Azeez is entitled to recover the amount of tips that the restaurant illegally deducted and retained.

During the time Mr. Azeez received a weekly rate, Mr. Azeez worked between 9.5 and 13 hours per day. He regularly worked over 10 hours a day and over 40 hours per week. Both federal and state law require that employers pay non-exempt employees who work over 40 hours per week, like Mr. Azeez, a time-and-a-half premium for each overtime hour worked. *See* 29 U.S.C. § 207; N.Y. LABOR LAW § 652. However, Saravana paid Mr. Azeez the same weekly rate regardless of the number of hours worked, and failed to pay him the half-time premium for each



# CARY KANE

Mr. Mathaiah Ramaiah
March 18, 2014
Page 2 of 4

hour he worked over 40.  Furthermore, the duties of servers at your restaurant do not fall under any of the exemptions prescribed by the Fair Labor Standards Act.  *See* 29 U.S.C. § 213.  New York State law also requires that when the spread of hours between the beginning and end of an employee's workday is greater than 10 hours the employee receive an additional hour's pay at the minimum hourly wage.  Saravana did not pay Mr. Azeez the additional hour's pay for his workdays that were longer than 10 hours, and thus have further violated state law.  *See* 12 NYCRR §§ 142-2.4; 146-1.6.

From December 17, 2012 through the end of his employment, Mr. Azeez received $5.00 per hour plus tips, subject to a mandatory tip-pool that included kitchen staff.  During this period of time, the statutory minimum wage was $7.25 per hour.  Although New York State law allows employers to take a "tip credit" against the applicable minimum wages for employees who customarily receive tips, employers may only avail themselves of the "tip credit" if they so notify their employees.  12 NYCRR §§ 146.1-3, 146-2.2.  Federal law has a similar requirement.  29 U.S.C. § 203(m).  Saravana failed to notify Mr. Azeez about the "tip credit," and failed to pay the minimum cash wages.  Furthermore, federal law prohibits employers from taking a "tip credit" when employees are forced to share their tips with employees who do not provide direct customer service and "customarily and regularly receive tips," such as kitchen staff.  29 U.S.C. § 203(m).  Thus, by including ineligible employees in the tip-pool, Saravana forfeited its right to take a tip credit and was required to pay Mr. Azeez the statutory minimum hourly wage.

During this period of employment, Saravana also failed to pay Mr. Azeez an additional hour's pay at the minimum hourly wage for workdays exceeding 10 hours in violation of 12 NYCRR §§ 142-2.4; 146-1.6.

Moreover, the termination of Mr. Azeez's employment in retaliation for his filing of a wage and overtime complaint with the New York Department of Labor constitutes a separate violation of federal law.  *See* 29 U.S.C. § 215(a)(3).  An employee who prevails on such a claim may recover lost wages and an equal amount in liquidated damages.  *See* 29 U.S.C. § 216(b).

As a result of Saravana's violations of the federal and state wage and hour laws, Saravana owes Mr. Azeez the following sums of money.  Mr. Azeez's records indicate that Saravana collected approximately $350,000 a year in customer tips in 2011 and 2012, which belonged to Mr. Azeez and approximately three other servers.  Therefore, Mr. Azeez is entitled to recover approximately $153,125 in unlawfully retained tips.

Mr. Azeez is also entitled to recover the half-time premium for hours worked over 40 during the first 20 months of his employment, which amounts to $7,939.33.

# CARY KANE

Mr. Mathaiah Ramaiah
March 18, 2014
Page 3 of 4

In addition, because Saravana improperly took a tip credit during the last 17 months of his employment, Mr. Azeez is entitled to recover the difference between $7.25, the minimum hourly wage, and the $5.00 hourly wage he received for the 40 hours he worked each week, which amounts to $5,670.

Mr. Azeez is also owed approximately $3,000 in spread of hours pay for the number of days that exceeded 10 hours.

The wages owed to Mr. Azeez amount to $169,734.33. We also note that both federal and state law allow employees to recover liquidated damages in the amount of 100% of the wages owed and attorneys' fees.

Under these circumstances, we normally would advise our client to immediately commence legal action to collect the wages due. Mr. Azeez, however, has expressed interest in resolving this matter amicably. If Saravana is interested in discussing such a resolution, please call me at your earliest convenience.

If we do not hear from you within the next 10 days, we will assume that Saravana has no interest in resolving this matter and will commence legal action, whereby we will seek to recover our client's unpaid wages, liquidated damages, as well as interest, attorneys' fees, and costs. Please be advised that, should we file suit, we may consider making the wage and hour claims a collective action and invite other similar employees, both former and current, to join the suit. Please also note that Mr. Azeez will commence legal action against you, individually, your agents, and your company.

Although we hope to resolve this matter amicably, be advised that Saravana is under an obligation to take any action necessary to preserve both hard copy and electronic documents that may relate to our client's claims. Relevant rules in both federal and state courts require parties on notice of potential claims to preserve all evidence possibly relevant to those claims. In this case, Saravana must preserve all documents relating to Mr. Azeez's compensation during his entire period of employment, including without limitation documents and agreements relating to his compensation, internal communication between the principals or management at Saravana concerning such compensation, communications with our client concerning such compensation, and records of all hours worked. Records of hours worked should include all payroll records and documents related to any method Saravana uses to track employees' hours. We note that if such records are destroyed or modified after Saravana has been put on notice of these claims, such destruction may constitute spoliation of evidence and subject the restaurant to monetary fines and/or adverse inferences by the Court and/or the jury that would hear such a case. We strongly

# C A R Y   K A N E

Mr. Mathaiah Ramaiah
March 18, 2014
Page 4 of 4

suggest that you consult with counsel and your information technology professionals to ensure that all potentially necessary documents and information are preserved in this case.

We look forward to hearing from you.

Very truly yours,

Larry Cary

cc:   Mr. Mathaiah Ramaiah
      25 Sutton Place South Apt. 12H
      New York, NY 10022

Hearing Date: July 8, 2014, 11:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re FLAGSHIP S B NEW YORK, LLC

Bankruptcy Case No.: 1-14-40531-cec

FLAGSHIP S B NEW YORK, LLC,

Adversary Proceeding No.: 1-14-01066-cec

        Plaintiff,

- against -

SARABUDEEN ABDUL AZEEZ,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SARABUDEEN ABDUL AZEEZ'S MOTION TO DISMISS THE COMPLAINT


Tara Jensen
Larry Cary
CARY KANE LLP
1350 Broadway, Suite 1400
New York, New York 10018
(212) 868-6300
(212) (868-6302 (fax)
tjensen@carykane.com
lcary@carykane.com


Attorneys for Defendant

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ i

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF PERTINENT FACTS .................................................................. 1

ARGUMENT ............................................................................................................. 4

    I.     APPLICABLE LEGAL STANDARDS ON MOTION TO DISMISS............. 4

    II.    LACK OF SUBJECT MATTER JURISDICTION .......................................... 5

    III.   FAILURE TO STATE A CLAIM FOR DECLARATORY JUDGMENT ........ 8

         A.  Declaratory Relief is Inappropriate for the Adjudication of Past
             Conduct .................................................................................................. 8

         B.  The Complaint is an Improper Use of DJA.......................................... 11

         C.  Plaintiff Failed to Avail Itself of Appropriate Forms of Relief................... 14

    IV.   SANCTIONS ARE WARRANTED................................................................ 17

         A.  No Colorable Basis for Plaintiff's Claims ................................................ 18

             1.  Requested Declarations are Inconsistent with Well Established
                 Law...................................................................................... 19

             2.  Complaint is Based on Material Factual Misrepresentations.......... 21

         B.  Plaintiff's Bad Faith and Improper Purpose................................................ 23

CONCLUSION ......................................................................................................... 25

# TABLE OF AUTHORITIES

**CASES**                                                              **PAGE(S)**

Adirondack Cookie Co. v. Monaco Baking Co.,
    871 F. Supp. 2d 86 (N.D.N.Y 2012) ................................................................. 12

Allen v. Official Employment-Related Issues Comm.,
    297 B.R. 382 (S.D.N.Y. 2003) ......................................................... 8, 9, 10, 13

In re Allied Artists Pictures Corp.,
    71 B.R. 445 (S.D.N.Y. 1987) ............................................................................ 6

Amaprop Ltd. v. Indiabulls Fin. Servs.,
    483 Fed. App'x. 634 (2d Cir. May 25, 2012) ............................................. 18, 24

APWU v. Potter,
    343 F.3d 619 (2d Cir. 2003) ............................................................................. 4

Ashcroft v. Iqbal,
    555 U.S. 662 (2009) ......................................................................................... 5

Baker v. Urban Outfitters, Inc.,
    431 F. Supp. 2d 351 (S.D.N.Y. 2006) ....................................................... 18, 19

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ......................................................................................... 5

Cangemi v. United States,
    939 F. Supp. 2d 188 (E.D.N.Y. 2013) .............................................................. 7

Cano v. DPNY, Inc.,
    287 F.R.D. 251 (S.D.N.Y. 2012) ................................................................... 15

Cephalon, Inc. v. Travelers Cos.,
    935 F. Supp. 2d 609 (S.D.N.Y. 2013) ....................................................... 12, 13

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002) ............................................................................. 1

Chiste v. Hotels.com LP,
    756 F. Supp. 2d 382 (S.D.N.Y. 2010) ............................................................ 10

Chu Chung v. New Silver Palace Rest.,
    246 F. Supp. 2d 220 (S.D.N.Y. 2002) ............................................................ 15

In re Combustion Equip. Assoc., Inc.,
    838 F.2d 35 (2d Cir. 1988) ............................................................................... 9

i

<u>Desiderio v. Parikh,</u>
  2014 Bankr. LEXIS 1679 (E.D.N.Y. Apr. 17, 2014)......................................... 18

<u>Desouza v. Plusfunds Group, Inc.,</u>
  2006 U.S. Dist. LEXIS 53392 (S.D.N.Y. Aug. 1, 2006) ................................... 15

<u>Diaz v. Scores Holding Co., Inc.,</u>
  2008 U.S. Dist. LEXIS 38248 (S.D.N.Y. May 9, 2008).............................. 15, 17

<u>Dow Jones & Co. v. Harrods, Ltd.,</u>
  237 F. Supp. 2d 394 (S.D.N.Y. 2002)............................................................. 12

<u>Dr. Reddy's Labs., Ltd v. AaiPharma Inc.,</u>
  2002 U.S. Dist. LEXIS 17287 (S.D.N.Y. Sept. 13, 2002) ............................. 6, 7

<u>Dux S.A. v. Megasol Cosmetic GmbH,</u>
  2006 U.S. Dist. LEXIS 395 (S.D.N.Y. Jan. 6, 2006) ...................................... 23

<u>Elmasri v. Rupp,</u>
  2010 Bankr. LEXIS 1279 (E.D.N.Y. Apr. 19, 2010)................................... 17, 25

<u>In re Emanuel,</u>
  422 B.R. 453 (S.D.N.Y. 2010) ....................................................................... 24

<u>FPSDA II, LLC v. Larin,</u>
  2012 Bankr. LEXIS 5906 (E.D.N.Y. Dec. 21, 2012).......................... 15, 16, 17

<u>In re Garnett,</u>
  303 B.R. 274 (E.D.N.Y. 2003) ......................................................................... 5

<u>Gianni Sport v. Metallica,</u>
  2000 U.S. Dist. LEXIS 17339 (S.D.N.Y. Dec. 4, 2000)............................. 10, 14

<u>Great Am. Ins. Co. v. Houston Gen. Ins. Co.,</u>
  735 F. Supp. 581 (S.D.N.Y. 1990).................................................................. 11

<u>Green v. Mansour,</u>
  474 U.S. 64 (1985) ........................................................................................... 7

<u>Hernandez v. Immortal Rise, Inc.,</u>
  2014 U.S. Dist. LEXIS 33823 (E.D.N.Y. Mar. 13, 2014) ............................... 15

<u>Hudson Motors Partnership v. Crest Leasing Enters.,</u>
  845 F. Supp. 969 (E.D.N.Y. 1994).................................................................. 24

<u>John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.,</u>
  2011 U.S. Dist. LEXIS 127635 (S.D.N.Y. Nov. 2, 2011) ....................... 9, 11, 12, 13

Johnson v. Priceline.com, Inc.,
    711 F.3d 271 (2d Cir. 2013) .................................................................... 5

In re Joint E. & S. Dist. Asbestos Litig.,
    14 F.3d 726 (2d Cir. 1993) ................................................................. 6, 7

KM Enters. v. McDonald,
    2012 U.S. Dist. LEXIS 138599 (E.D.N.Y. Sept. 25, 2012) ................... *passim*

Kramer v. Mahia,
    488 B.R. 515 (E.D.N.Y. 2013) ............................................. 17, 18, 24, 25

Llolla v. Karen Gardens Apt. Corp.,
    2014 U.S. Dist. LEXIS 44884 (E.D.N.Y. Mar. 10, 2014) ...................... 21

Luckenback Steamshop Co. v. United States,
    312 F.2d 545 (2d Cir. 1963) .................................................................... 8

Lunney v. United States,
    319 F.3d 550 (2d Cir. 2003) .................................................................... 4

Messiah v. Pafumi,
    2014 U.S. Dist. LEXIS 58288 (D. Conn. Apr. 25, 2014) ........................ 9

In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,
    247 F.R.D. 420 (S.D.N.Y. 2007) ........................................................... 6

Millard v. Dev. Disabilities Inst.,
    266 B.R. 42 (E.D.N.Y. Aug. 28, 2001) ............................................ 14, 16

Miller v. Wolpoff & Abramson, LLP,
    321 F.3d 292 (2d Cir. 2003) .................................................................... 4

Morrison v. Nat'l Austl. Bank Ltd.,
    547 F.3d 167 (2d Cir. 2008) .................................................................... 1

N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters Local 747,
    2005 U.S. Dist. LEXIS 4385 (S.D.N.Y. Mar. 20, 2005) ...................... 6, 13

Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.,
    2003 U.S. Dist. LEXIS 9193 (S.D.N.Y. June 2, 2003) ......................... 8, 11

Nebraskaland, Inc. v. Sunoco, Inc.,
    2010 U.S. Dist. LEXIS 129013 (E.D.N.Y. Dec. 7, 2010) ...................... 7

Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians,
    94 F.3d 747 (2d Cir. 1996) .................................................................... 6

In re NYSE Specialists Sec. Litig.,
    503 F.3d 89 (2d Cir. 2007)...........................................................................5

Pagan v. Quiros,
    2014 U.S. Dist. LEXIS 34906 (D. Conn. Mar. 18, 2014)................................9

Penguin Books USA, Inc. v. Walsh,
    929 F.2d 69 (2d Cir. 1991)...........................................................................9

Queenie, Ltd. v. Nygard, Int'l,
    321 F.3d 282 (2d Cir. 2003)........................................................................16

SEC v. Credit Bancorp, Ltd.,
    738 F. Supp. 2d 376 (S.D.N.Y. 2010).........................................................8, 9

Sheet Metal Div. v. Local 38 of the Sheet Metal Workers Int'l Ass'n,
    208 F.3d 18 (2d Cir. 2000)...........................................................................6

Simso v. State of Connecticut,
    2006 U.S. Dist. LEXIS 85791 (D. Conn. Nov. 27, 2006)............................8, 11

Teachers Insurance and Annuity Ass'n v. Butler,
    803 F.2d 61 (2d Cir. 1986).........................................................................15

Thomas v. Venditto,
    925 F. Supp. 2d 352 (E.D.N.Y. 2013)...........................................................1

United States v. Doherty,
    786 F.2d 491 (2d Cir. 1986)..........................................................................8

Vioni v. Am. Capital Strategies, Ltd.,
    508 Fed. App'x. 1 (2d Cir. Jan. 18, 2013)....................................................24

Wells Fargo Bank, N.A. v. Ullah,
    2014 U.S. Dist. LEXIS 14883 (S.D.N.Y. Feb. 6, 2014)..................................4

Wilder v. GL Bus Lines,
    258 F.3d 126 (2d Cir. 2001)........................................................................19

Winans v. Starbucks, Corp.,
    796 F. Supp. 2d 515 (S.D.N.Y. 2011)..........................................................20

Wolters Kluwer Fin. Servs., Inc. v. Scivantage,
    564 F.3d 110 (2d Cir. 2009)....................................................................18, 23

**STATUTES AND RULES**

11 U.S.C. §105 ....................................................................................2, 4, 16, 17, 25

28 U.S.C. §157 ..................................................................................... 5

29 U.S.C. §201 ................................................................... 2, 15, 16, 17, 21

11 U.S.C. §362 ............................................................................... 14, 15

28 U.S.C. §1927 ....................................................................... 17, 18, 24

28 U.S.C. §2201 ........................................................................... *passim*

29 C.F.R. § 531.52 ................................................................................. 20

Fed. R. Bankr. 7012 ............................................................................... 1

Fed. R. Bankr. 9011 (b) ........................................................................ 17

Fed. R. Civ. P. 12 ......................................................................... 1, 4, 5

NYSLL §190 ............................................................................................ 2

NYSLL § 650 ........................................................................................ 2

NYSLL § 193 ........................................................................................ 21

NYSLL § 196-d ..................................................................................... 20

12 NYCRR § 142-2.4 ............................................................................. 3

## OTHER AUTHORITIES

10 B C. Wright & A. Miller; Federal Practice and Procedure §2759 ........................................... 11

In re Flagship S B New York, LLC,
    No. 1-14-40531-cec ..................................................................... 3, 22, 23

Mohamed v. Saravana Bhavan LLC,
    No. 12-cv-08489-JMF ........................................................................ 22

Mohammed Hilmy v. Flagship S B Amsterdam NY LLC,
    S.D.N.Y. Case No. 13-cv-6598 ..................................................... 1, 22

Shahul Hameed Aboobucker Mohamed v. Flagship S B Amsterdam NY LLC,
    S.D.N.Y. Case No. 13-cv-8489 ............................................... 1, 22, 23

## PRELIMINARY STATEMENT

Sarabudeen Abdul Azeez ("Azeez" or "Defendant") respectfully submits this memorandum of law in support of his Motion to Dismiss the Complaint in the above-referenced adversary proceeding (the "Complaint"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.[1]  In its Complaint, Flagship S B New York LLC ("Flagship"), which owns and operates the restaurant Saravana Bhavan ("Saravana") (collectively, "Plaintiff" or "Debtor") seeks the declaratory judgment of non-liability for its unlawful employment practices during Azeez's previous employment.

This Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff has failed to allege a "case of actual controversy" required by 28 U.S.C. § 2201(a).  Dismissal is further warranted under Fed. R. Civ. P. 12(b)(6) because Plaintiff's unsupported factual allegations and legal conclusions fail to state a claim under which relief can be granted.   Sanctions are also appropriate here for Plaintiff's commencement of this baseless adversary proceeding in bad faith and for improper purposes.

## STATEMENT OF PERTINENT FACTS[2]

Azeez was employed as a waiter at Saravana from on or about April 15, 2011 until he was fired on or about March 6, 2014. (Compl. ¶ 8).  By letter through counsel, dated March 18,

---

[1] Federal Rule of Civil Procedure 12(b) applies in adversary proceedings in bankruptcy court, as it is incorporated by Federal Rule of Bankruptcy Procedure 7012.

[2] Facts stated herein are drawn from the Complaint, the attached pleadings in Mohammed Hilmy v. Flagship S B Amsterdam NY LLC, S.D.N.Y. Case No. 13-cv-6598 (the "Hilmy Complaint"), and Shahul Hameed Aboobucker Mohamed v. Flagship S B Amsterdam NY LLC, S.D.N.Y. Case No. 13-cv-8489 (the "Mohamed Complaint") (Compl. ¶ 10, Exhibits ("Ex.") A, B), and documents relied upon in drafting the Complaint, and/or incorporated by reference in the Complaint.  Such facts are properly considered on a motion to dismiss under Rule 12(b)(6).  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). Additional facts are drawn from the attached declaration, which is properly considered on a Rule 12(b)(1) motion. "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." Thomas v. Venditto, 925 F. Supp. 2d 352, 359 (E.D.N.Y. 2013) (citing Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd 130 S. Ct. 2869 (2010)).

2014, Azeez notified Plaintiff, through Mathaiah Ramaiah ("Ramaiah), of the numerous labor law violations that took place throughout his employment, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and the New York State Labor Law, N.Y. Labor Law § 190 et seq. and the New York Minimum Wage Act, N.Y. Labor Law § 650 et seq. ("NYSLL"). (Declaration of Tara Jensen ("Jensen Decl.") ¶ 3, Ex. 1) The notice letter set forth the applicable legal and factual grounds for Azeez's claims that he was not properly paid wages, overtime, and tips during his employment at Saravana, which amounted to approximately $170,000 in unpaid compensation. (Id. ¶ 3, Ex. 1)

Specifically, Azeez asserted that, for a period of time during his employment, Saravana unlawfully retained the tips belonging to Azeez and the other waiters, and failed to properly pay the statutorily required overtime wages for the hours he worked over 40 in a week. (Id. ¶ 3, Ex. 1) Azeez also stated that Saravana failed to properly pay him the statutorily required spread of hours pay for each day he worked over 10 hours, and that he was unlawfully fired in retaliation for the wage and overtime complaint he made to the New York Department of Labor ("DOL"). (Id. ¶ 3, Ex. 1) Azeez informed Saravana of his interest in discussing an amicable resolution and asked Saravana to call counsel if similarly interested; otherwise, he advised that he would pursue legal action against Saravana and Ramaiah for these labor law violations. (Id. ¶ 3, Ex. 1)

On or about March 31, 2014, Azeez's counsel and Saravana's labor counsel, Brian Greben ("Greben" or "labor counsel"), began discussing the possibility of a settlement of Azeez's claims. (Jensen Decl. ¶ 7) During these discussions, Greben, acting on behalf of both Saravana and Ramaiah, informed Azeez's counsel that Flagship filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") on February 5, 2014. (Compl. ¶ 6) (Jensen Decl. ¶¶ 7, 8) Ramaiah, who signed the Plaintiff's bankruptcy petition as

the "President" of Saravana, did not file for bankruptcy on his own behalf.   <u>In re Flagship S B</u> <u>New York, LLC</u>, No. 1-14-40531-cec, Bankr. EDNY ECF Dkt. No. 1.

Settlement discussions between the parties continued until the beginning of May 2014. (Jensen Decl. ¶ 10)  The last communication between counsel took place on May 2, 2014. (<u>Id.</u> ¶ 11)  At that time, Azeez's counsel was expecting the production of additional documents that Greben had advised would be forthcoming in furtherance of the settlement discussions.  (<u>Id.</u> ¶ 11)  Instead, however, on May 9, 2014, Plaintiff's bankruptcy counsel served Azeez's counsel with a copy of the Complaint for declaratory judgment in this adversary proceeding. (<u>Id.</u> ¶ 12)

In its Complaint, Plaintiff seeks sweeping declarations that: (1) Plaintiff "does not owe Defendant any additional tips deriving from Defendant's employment" (Compl. ¶ 23); (2) the amount of any tips owed to Azeez can be no greater than his share of tips in relation to "the other floor staff who worked at Saravana at the same time as Defendant" because any tips sought by Azeez "must be divided" amount the floor staff (Compl. ¶¶ 25, 28); (3) Azeez was paid "adequate wages at all relevant times" (Compl. ¶ 34); (4) "Any overtime allegedly owed Defendant must be reduced by the $600 per month Defendant was responsible for as rent" (Compl. ¶ 41); (5) "Defendant is not entitled to 'spread-of-hours' wages under 12 NYCRR § 142-2.4 from [Plaintiff] or Mr. Ramaiah" because Azeez was paid above minimum wage (Compl. ¶¶ 44, 46); (6) the "tip credit deduction" from Azeez's wages was "proper and lawful" (Compl. ¶ 51); and (7) "Plaintiff's termination of Defendant's employment was not a retaliatory act, and was not unlawful or improper." (Compl. ¶ 57)

Plaintiff contends that these declaratory judgments are required here to "settle the rights of the defendant, plaintiff, and plaintiff's creditors, and to remove uncertainty and insecurity regarding same." (Compl. ¶ 15)  Plaintiff further alleges that because Azeez is "seeking the

individual assets" of Ramaiah, his claims "will have a deleterious effect on the Debtor's reorganization efforts because Mr. Ramaiah is critical to: (i) attempting to revitalize Debtor; (ii) participating in the reorganization efforts; and (iii) addressing issues presented in this Chapter 11 case." (Compl. ¶ 14)  The Complaint fails to allege sufficient factual support to state its claims.

## **ARGUMENT**

I. <u>APPLICABLE LEGAL STANDARDS ON MOTION TO DISMISS</u>

On a motion to dismiss a complaint pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing, by a preponderance of evidence, that the court has subject matter jurisdiction over its complaint. <u>See</u> <u>Lunney v. United States</u>, 319 F.3d 550, 554 (2d Cir. 2003); <u>see also</u> <u>KM Enters. v. McDonald</u>, 2012 U.S. Dist. LEXIS 138599, at *12 (E.D.N.Y. Sept. 25, 2012) (the standards for 12(b)(1) and 12(b)(6) motions are "essentially identical" except that a plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists).  "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." <u>APWU v. Potter</u>, 343 F.3d 619, 623 (2d Cir. 2003) (quotation marks and citation omitted). <u>See also</u> <u>Wells Fargo Bank, N.A. v. Ullah</u>, 2014 U.S. Dist. LEXIS 14883, at *6 (S.D.N.Y. Feb. 6, 2014) (Rule 12(b)(1) motions to dismiss may properly attack the sufficiency and truth of the allegations supporting jurisdiction permitting the consideration of competent evidence outside of the pleadings).

Pursuant to Rule 12(b)(6), a motion to dismiss must be granted when a complaint fails "to state a claim upon which relief can be granted.  A claim should be dismissed if the court is "satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief." <u>Miller v. Wolpoff & Abramson, LLP</u>, 321 F.3d 292, 300 (2d Cir. 2003).  To survive dismissal, "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief."

4

Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). The pleading must allege facts "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 554. While this Court must accept as true all "material factual allegations" in Plaintiff's Complaint, it owes no such deference to plaintiff's "pleaded legal conclusions." Johnson, 711 F.3d at 275; see also In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (the Court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations").

II.      LACK OF SUBJECT MATTER JURISDICTION

         Plaintiff's Complaint for declaratory relief should be dismissed pursuant to Rule 12(b)(1) for the failure to assert a justiciable case or controversy sufficient to establish subject matter jurisdiction. Bankruptcy courts have the jurisdiction to "determine all cases under title 11 and all core proceedings arising under title 11 . . . , and may enter appropriate orders and judgments subject to review under section 158 of this title."[3] 28 U.S.C. § 157(b)(1).

         Requests for declaratory judgments are governed by the Declaratory Judgment Act ("DJA"), codified at 28 U.S.C. §2201, which provides: "(a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[4] The DJA expressly limits the issuance of

---

[3] Given the lack of subject matter jurisdiction over these claims, the Court need not determine whether the instant adversary proceeding is a core proceeding "arising under" title 11, or a non-core proceeding that is "otherwise related to the case under title 11," 28 U.S.C. § 157(b)(3). See In re Garnett, 303 B.R. 274, 277 (E.D.N.Y. 2003).
[4] The DJA applies to declaratory judgments brought in "any court" including Bankruptcy Court. See 28 U.S.C. § 2201(a); In re Allied Artists Pictures Corp., 71 B.R. 445, 448 (S.D.N.Y. 1987) (noting that the DJA covers declaratory actions brought pursuant to Bankruptcy Rule 7001 (9)). (Compl. ¶ 15)

declaratory judgment to cases of actual controversy. <u>Dr. Reddy's Labs., Ltd v. AaiPharma Inc.</u>, 2002 U.S. Dist. LEXIS 17287, at **14-16 (S.D.N.Y. Sept. 13, 2002).

Accordingly, to state a claim for declaratory judgment, a plaintiff must allege "a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians</u>, 94 F.3d 747, 752 (2d Cir. 1996); <u>Sheet Metal Div. v. Local 38 of the Sheet Metal Workers Int'l Ass'n</u>, 208 F.3d 18, 22 (2d Cir. 2000) ("The [DJA] authorizes any federal court to render declaratory judgments in any 'case of actual controversy within its jurisdiction.'") (quoting 28 U.S.C. § 2201(a)). An actual controversy must be "definite and concrete, not abstract or hypothetical." <u>Dr. Reddy's Labs.</u>, 2002 U.S. Dist. LEXIS 17287, at **14-16. "If no actual case or controversy exists between the parties regarding the subject on which declaratory judgment is sought, the court lacks subject matter jurisdiction." <u>Id.</u>; <u>see also</u> <u>N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters Local 747</u>, 2005 U.S. Dist. LEXIS 4385, at **24-25 (S.D.N.Y. Mar. 20, 2005) (same).

However, "a request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights." <u>In re Joint E. & S. Dist. Asbestos Litig.</u>, 14 F.3d 726, 731 (2d Cir. 1993). Declaratory judgment is a "remedy, not a cause of action." <u>KM Enters.</u>, 2012 U.S. Dist. LEXIS 138599, at **55-56 (quotation marks and citation omitted); <u>see also</u> <u>In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.</u>, 247 F.R.D. 420, 422-23 (S.D.N.Y. 2007) ("declaratory relief is not a claim but only a remedy that Congress has created" to provide relief for claims "based on other laws that the defendant allegedly violated"). Therefore, a plaintiff cannot survive a motion to dismiss by relying on a claim for declaratory judgment as an independent cause of action. <u>See</u> <u>In re Joint</u>, 14 F.3d at 731 ("a court may only

enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief").

The Complaint in this adversary proceeding presents no actual case or controversy based on an independent claim, or right to declaratory relief. Plaintiff alleges no facts that establish a sufficiently real and immediate controversy between the parties. See Nebraskaland, Inc. v. Sunoco, Inc., 2010 U.S. Dist. LEXIS 129013, at *18 (E.D.N.Y. Dec. 7, 2010) (former employee's request for a declaration regarding a past dispute with employer failed to present an actual controversy of "sufficient immediacy and reality" because his employment had ended) (citation omitted). Nor does Plaintiff allege the violation, much less a continuing violation, of any independent legal right. Absent allegations regarding "an ongoing violation of federal law," declaratory judgment is inappropriate. See Green v. Mansour, 474 U.S. 64, 73 & n. 2 (1985); Cangemi v. United States, 939 F. Supp. 2d 188, 196 (E.D.N.Y. 2013) ("Plaintiffs must properly plead an underlying cause of action in order to seek [declaratory] relief."); KM Enters., 2012 U.S. Dist. LEXIS 138599, at **21, 59 (a violation of an independent legal right is required because "if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise") (citation omitted). The Complaint's lack of an actual controversy based on an independent cause of action precludes a finding of subject matter jurisdiction, requiring the dismissal of this Complaint. See Dr. Reddy's Labs., 2002 U.S. Dist. LEXIS 17287.

III.    FAILURE TO STATE A CLAIM FOR DECLARATORY JUDGMENT

A.    Declaratory Relief is Inappropriate for the Adjudication of Past Conduct

The Complaint should also be dismissed for failure to state a claim for relief because declaratory judgment cannot be used to adjudicate a past dispute for which the damages have already accrued.  See KM Enters., 2012 U.S. Dist. LEXIS 138599, at **55-56 ("requests asking the Court 'to make a determination regarding, or to adjudicate, past conduct'" failed to "present a proper subject for declaratory relief") (quoting Simso v. State of Connecticut, 2006 U.S. Dist. LEXIS 85791, at **23-25 (D. Conn. Nov. 27, 2006)).  Even assuming an actual case or controversy between the parties was stated, the Court should exercise its discretionary declaratory jurisdiction "only when the proposed action furthers the policies of the declaratory judgment statute."  Allen v. Official Employment-Related Issues Comm., 297 B.R. 382, 385 (S.D.N.Y. 2003) (quotation marks and citation omitted).  The requests at issue fail to advance the policies of the DJA.

The Second Circuit has held that "the fundamental purpose of the DJA is to 'avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued.'"  United States v. Doherty, 786 F.2d 491, 498 (2d Cir. 1986) (quoting Luckenbach Steamship Co. v. United States, 312 F.2d 545, 548 (2nd Cir. 1963)).  "[D]eclaratory judgment is meant to clarify and settle disputed legal relationships and to relieve uncertainty, insecurity, and controversy."  SEC v. Credit Bancorp, Ltd., 738 F. Supp. 2d 376, 388-89 (S.D.N.Y. 2010) (quotation marks and citation omitted).

Because "declaratory relief is intended to operate prospectively," there is no basis for such relief "where only past acts are involved."  Nat'l Union Fire Ins. Co. v. Int'l Wire Group,

8

Inc., 2003 U.S. Dist. LEXIS 9193, at *12, *20 (S.D.N.Y. June 2, 2003).  See KM Enters., 2012 U.S. Dist. LEXIS 138599, at *57 ("The main barrier in a declaratory judgment action is that it cannot be used solely to adjudicate a defendant's past conduct.") (quotation marks and citation omitted).   Requests for declaratory judgment that do "not seek a prospective determination of [a party's] rights and responsibilities . . . but rather a finding that it is not liable for damages alleged to have already accrued . . . is not an appropriate use of the DJA." John Wiley & Sons, Inc. v. Visuals Unlimited, Inc., 2011 U.S. Dist. LEXIS 127635, at *11 (S.D.N.Y. Nov. 2, 2011).   A Complaint that is merely "an attempt to adjudicate past conduct" fails to further "the fundamental purpose of the DJA of allowing plaintiffs to avoid the accrual of avoidable damages." Allen, 297 B.R. at 389 (quotation marks omitted).[5]

The instant Complaint contains no claim for prospective relief to determine the parties' rights prior to the accrual of damages in order to avoid engaging in conduct that will result in liability. To the contrary, each of Plaintiff's seven claims seeks the determination of Plaintiff's non-liability for its unlawful payment practices during Azeez's employment, which undisputedly ended in March of 2014.  (Compl. ¶ 8)  Plaintiff seeks specific declarations holding that Plaintiff properly paid Azeez adequate overtime wages and tips during his employment, including the determination of the amounts of any tips or overtime wages wrongfully withheld, and that the termination of his employment was not retaliatory.  (Compl. ¶¶ 23, 28, 34, 41, 44, 46, 51, 57)  Such declarations do not serve to prevent Plaintiff from accruing avoidable damages, because the

---

[5] See also Credit Bancorp, Ltd., 738 F. Supp. 2d at 388-89 ("declaratory judgment is inappropriate where the moving party seeks to adjudicate past conduct"); Penguin Books USA, Inc. v. Walsh, 929 F.2d 69, 72 (2d Cir. 1991) ("Congress established the declaratory judgment procedure so that parties who were uncertain of their rights could adjudicate their claims without first engaging in dubious conduct."); In re Combustion Equip. Assoc., Inc., 838 F.2d 35, 37 (2d Cir. 1988) ("The purpose of the [DJA] is to enable parties to adjudicate disputes before either side suffers great damages."); Messiah v. Pafumi, 2014 U.S. Dist. LEXIS 58288, at *12 (D. Conn. Apr. 25, 2014) ("[d]eclaratory relief operates prospectively" therefore "it is inappropriate for prior acts because damages have already accrued"); Pagan v. Quiros, 2014 U.S. Dist. LEXIS 34906, at *29 (D. Conn. Mar. 18, 2014) ("Because declaratory relief operates in a prospective manner, it is not appropriately applied to prior violations because damages have already accrued.").

disputed conduct has already occurred, and liability became fixed once Azeez's employment ended. See Gianni Sport v. Metallica, 2000 U.S. Dist. LEXIS 17339, at *14 (S.D.N.Y. Dec. 4, 2000) (requested declaration of a party's non-liability for past conduct served no purpose in "clarifying and settling the legal relations in issue" or affording relief from "the uncertainty, insecurity, and controversy giving rise to the proceedings" because damages had already accrued); Chiste v. Hotels.com LP, 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010) ("there is no cloud of uncertainty affecting the Plaintiffs' rights that can be lifted by a declaratory judgment" because the "harm, if any, happened in the past").

The alleged "uncertainty" regarding the effect and attending harm a potential lawsuit would have on Plaintiff's reorganization efforts is insufficient to warrant declaratory judgment. See Allen, 297 B.R. at 387 (bankruptcy court rejected debtors' argument that "the uncertainty created by a threatened lawsuit ha[d] impacted their ability to make financial decisions" because its decisions made in bankruptcy could not result in an increase in its liability for damages that accrued prior to the filing of the adversary proceeding). Plaintiff's "general, unsubstantiated allegations regarding the difficulties imposed by the uncertainty of a potential lawsuit," do not provide a basis for declaratory judgment. Id. at 388-89. "The mere threat of future litigation, absent a substantiated, identifiable harm, does not bestow a level of uncertainty or insecurity upon Plaintiff[] that would justify maintaining the declaratory judgment action in this Adversary Proceeding." Id.

Moreover, the requested relief is inappropriate because it could not fully settle the controversy between the parties. As Plaintiff acknowledges, Azeez can pursue claims against Ramaiah, or any other defendant with individual liability, (Compl. ¶ 13), regardless of any determination of Plaintiff's liability made in this adversary proceeding. "One of the most

important considerations that may induce a court to deny declaratory relief is that the judgment sought would not settle the controversy between the parties." 10B Wright & Miller § 2759. See also John Wiley & Sons, Inc., 2011 U.S. Dist. LEXIS 127635, at *15 (exercise of declaratory jurisdiction is inappropriate where requested remedy would not fully settle the controversy between parties).

Therefore, Plaintiff provides no basis for declaratory judgment of its claims when it is only asking this Court "to make a determination regarding, or to adjudicate, past conduct." Simso, 2006 U.S. Dist. LEXIS 85791, at *9. Accordingly, the Complaint should be dismissed for failure to state a claim for which relief can be granted. See KM Enters., 2012 U.S. Dist. LEXIS 138599, at **54-58.

B.      The Complaint is an Improper Use of DJA

The filing of this Complaint is an improper attempt by Plaintiff to shield itself from future liability for Azeez's claims by preemptively procuring declarations of non-liability in its preferred forum.   Such a procedural maneuver is an inappropriate use of the declaratory judgment process warranting dismissal of the Complaint.   "Courts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory actions motivated by a desire to wrest the choice of forum from the real plaintiff."  See Nat'l Union Fire Ins. Co., 2003 U.S. Dist. LEXIS 9193, at **18-20 (dismissing declaratory action filed in anticipation of a lawsuit in another forum that was "a classic case of a race to the courthouse" and "intended to short-circuit the suit eventually brought"); Great Am. Ins. Co. v. Houston Gen. Ins. Co., 735 F. Supp. 581, 586 (S.D.N.Y. 1990) (dismissing declaratory action filed in anticipation of litigation in another jurisdiction intending to preempt defendant's forum choice).

Plaintiff cannot misuse the DJA as a "defensive shield" to avoid liability for its past misconduct in an anticipated action. See Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394, 427 (S.D.N.Y. 2002) (aff'd 2003 U.S. App. LEXIS 20743 (2d Cir. Oct. 10, 2003) (improper use of declaratory process to "preemptively procur[e] a federal declaration of non-liability" to serve as "affirmative armor to ward off damages" arising from its wrongful acts). The commencement of a declaratory action solely for the purpose of asserting an "anticipatory defense" to potential claims should be dismissed because such an action "deprives the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse." Adirondack Cookie Co. v. Monaco Baking Co., 871 F. Supp. 2d 86, 94-95 (N.D.N.Y 2012) (dismissing claim for declaration of plaintiff's non-liability brought only to raise a defense to an anticipated claim); see Cephalon, Inc. v. Travelers Cos., 935 F. Supp. 2d 609, 613 (S.D.N.Y. 2013) ("A rush to file first in anticipation of litigation in another tribunal, thereby enabling a potential defendant to choose the forum and governing law by which to adjudicate the dispute, and otherwise to interfere with or frustrate the other party's pursuit of claims elsewhere" is a misuse of the process) (citation omitted); John Wiley & Sons, Inc., 2011 U.S. Dist. LEXIS 127635, at **11-12 (declaratory judgment action is properly dismissed "[w]hen the traditional remedy provides the parties with procedural safeguards required by the law to insure the availability of a proper remedy") (quotation marks and citation omitted).

The instant Complaint, which fails to present any real, current dispute that needs to be settled, should be dismissed as an improper anticipatory action. Each of Plaintiff's requests asks the Court to determine its non-liability for the anticipated claims of Azeez, which were set forth in the notice letter. Plaintiff's improper motivation is demonstrated by its haste in filing this action in this Court. Plaintiff commenced this proceeding just four business days after the last

12

settlement communications took place between the parties, and admits that this Court is its preferred forum by contending that "Defendant's claims must be adjudicated under the supervision of the Bankruptcy Court." (Jensen Decl. ¶¶ 11, 12) (Compl. ¶ 13)  It is unsurprising that as the Debtor, Plaintiff would prefer that the determination of the amount of damages to which Plaintiff and Ramaiah may be held liable, be made by in a bankruptcy court, which provides procedural protections to debtors in the process of reorganization.

The tactical use of declaratory judgment to "gain a procedural advantage and preempt the forum choice of the plaintiff to the coercive action" is precisely the type of improper anticipatory conduct that is routinely rejected by courts in this circuit.  See e.g., Cephalon, Inc., 935 F. Supp. 2d at 615 (citing cases where courts in this circuit dismissed declaratory actions prompted by receipt of notice letters advising of party's intent to pursue legal remedies if claims not resolved); John Wiley & Sons, Inc., 2011 U.S. Dist. LEXIS 127635, at **22-23 (where plaintiff "filed its complaint a mere two and a half weeks after the parties last corresponded" demonstrated that plaintiff was "trying to get the jump" on defendant to "forum shop" and avoid less favorable law); Allen, 297 B.R. at 389 n. 2 (declaratory action filed one or two days before the end of the notice period set forth in letter made it appear "likely that the Complaint was a procedural maneuver designed to ensure that Plaintiffs would initiate the Adversary Proceeding in this Court" before the defendants could file a competing action in their preferred forum); N. Am. Airlines, Inc., 2005 U.S. Dist. LEXIS 4385, at *61 ("courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum").

Plaintiff has failed to allege any explanation for its haste in filing, its abandonment of the negotiation process, or any harm it has suffered or will suffer as a result of any delay by Azeez in

pursuing his claims. "To allow [Plaintiff's] declaratory judgment action to go forward would penalize [Defendant] for its attempts at settlement;" potential litigants "should be encouraged to attempt settlement discussions . . . prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation" in a forum of its own choosing. Gianni Sport, 2000 U.S. Dist. LEXIS 17339, at *12-14 (dismissing declaratory action filed the day the defendant's settlement offer expired in anticipation of defendant's suit to preempt the forum choice). Because this Complaint is an improper use of the DJA, and lacks an actual controversy or legal basis for relief, it should be dismissed.

C. Plaintiff Failed to Avail Itself of Appropriate Forms of Relief

Plaintiff's misuse of declaratory judgment in the instant Complaint circumvents the proper remedies available in this Court, which would alleviate any uncertainty created by the threat of a potential lawsuit against the estate. A debtor faced with the threat of litigation may properly seek a judgment declaring that such legal action is precluded by the automatic stay provisions of 11 U.S.C. § 362(b)(10).

Pursuant to 11 U.S.C. § 362(a)(1), a bankruptcy petition automatically stays "the commencement . . . of a judicial . . . action or proceeding against the debtor that . . . could have been commenced before" the filing of the bankruptcy petition. "The purpose of the [a]utomatic [s]tay is to allow the debtor to focus all attention on reorganization efforts without the distraction of having to defend against outside litigation." Millard v. Dev. Disabilities Inst., 266 B.R. 42, 44 (E.D.N.Y. Aug. 28, 2001).

Plaintiff fails to avail itself of this remedy. Instead, it seeks broad declarations that Azeez was properly paid wages and tips that would shield both the Plaintiff and Ramaiah from liability on the unsubstantiated basis that an action against Ramaiah would have a "deleterious effect on

the Debtor's reorganization efforts." (Compl. ¶ 14) It does so in an attempt to avoid the inevitable ruling that the bankruptcy stay does not apply to actions against Ramaiah, as a non-debtor co-defendant. It is well settled that "the automatic stay only protects the debtor and does not extend injunctive coverage to non-debtor third parties, including equity shareholders and principals of a corporate debtor or LLC." FPSDA II, LLC v. Larin, 2012 Bankr. LEXIS 5906, at *24 (E.D.N.Y. Dec. 21, 2012) (quotation marks and citation omitted); see also Teachers Insurance and Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) (declining to extend stay to non-bankrupt general partners because "[i]t is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants"); Desouza v. Plusfunds Group, Inc., 2006 U.S. Dist. LEXIS 53392, at *5 (S.D.N.Y. Aug. 1, 2006) (noting that"[t]he plain language of § 362(a)(1) limits the extension of an automatic stay to a 'proceeding against the debtor'") (citations omitted).

Although a court may exercise its discretion to extend a stay under extraordinary circumstances, a bankruptcy stay "should not be extended where the non-debtor is independently liable." FPSDA II, LLC, 2012 Bankr. LEXIS 5906, at *25 (quotation marks and citation omitted) (denying debtors' motion to enjoin FLSA plaintiff from pursuing claims against non-bankrupt co-defendants indemnified by debtors based on their individual liability); see Desouza, 2006 U.S. Dist. LEXIS 53392, at *5 (declining to extend stay to non-debtor co-defendants indemnified by debtor because individual liability could rest on their own breaches of duty). Requests to extend a bankruptcy stay to solvent individuals liable for violations of FLSA are routinely denied. See e.g., Hernandez v. Immortal Rise, Inc., 2014 U.S. Dist. LEXIS 33823, at *12-13 (E.D.N.Y. Mar. 13, 2014) ('[c]ourts have declined to extend a bankruptcy stay to co-defendants in . . . [] joint employment []' cases under FLSA.") (quoting Diaz v. Scores Holding

<u>Co., Inc.</u>, 2008 U.S. Dist. LEXIS 38248, at *10 (S.D.N.Y. May 9, 2008)); <u>Cano v. DPNY, Inc.</u>, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) (declining to extend stay to solvent co-defendants who were jointly and severally liable for FLSA violations); <u>Chu Chung v. New Silver Palace Rest.</u>, 246 F. Supp. 2d 220, 226 (S.D.N.Y. 2002) (bankrupt restaurant's stay did not apply to solvent individuals liable under FLSA for improper tipping practices); <u>Millard</u>, 266 B.R. at 44 (declining to extend stay of FLSA action to non-debtor defendants).

Plaintiff's allegations of a generalized impact on the estate are insufficient to warrant the "<u>extraordinary</u> relief" of extending a bankruptcy stay to non-bankrupt defendants. <u>See</u> <u>FPSDA II, LLC</u>, 2012 Bankr. LEXIS 5906, at *27 (extension of stay to non-debtors is only warranted on a showing of "real evidence demonstrating an actual impact upon, or threat to, the reorganizations efforts if the stay is not extended," vague allegations of some theoretical risk are insufficient); <u>see also</u> <u>Queenie, Ltd. v. Nygard, Int'l</u>, 321 F.3d 282, 287 (2d Cir. 2003) (stay only extends to non-debtor where proposed claim "will have an immediate adverse economic consequence for the debtor's estate").   Without more, Plaintiff repeatedly asserts that the commencement of an action against Ramaiah would have a "profound and deleterious" effect on Plaintiff's reorganization efforts because he is "critical to: (i) attempting to revitalize Debtor; (ii) participating in the reorganization efforts; and (iii) addressing issues presented in this Chapter 11 case." (Compl. ¶¶ 14, 22, 27, 33, 40, 45, 50, 56)   However, Plaintiff fails to plead with particularity any facts regarding Ramaiah's role in the reorganization, or the nature and extent of any harm the estate would suffer as a result of an action brought against Ramaiah.

Contrary to Plaintiff's unsupported allegations, the "defense of this action by the non-bankrupt defendant[] will not so distract from the reorganization effort of [Debtor] as to require extension of the stay to the solvent defendants." <u>Millard</u>, 266 B.R. at 45 (FLSA overtime action

was "not so complex as to require an inordinate amount" of time away from debtor's reorganization efforts, and the $76,000 in unpaid wages sought was "not so great as to substantially deplete the estate"); see also FPSDA II, LLC, 2012 Bankr. LEXIS 5906, at **49-52 (general allegations that anticipated litigation would cause the President of corporate debtor "aggravation and expense" and "would divert his time and attention from his work" insufficient to warrant extension of bankruptcy stay). Plaintiff's failure to allege "an immediate adverse economic consequence for the debtor's estate" imposed by the threat of litigation against Ramaiah would preclude the extension of the bankruptcy stay to actions against Ramaiah or other solvent defendants. Diaz, 2008 U.S. Dist. LEXIS 38248, at *10 (FLSA action should proceed against non-debtor co-defendant based on lack of evidence

IV.    SANCTIONS ARE WARRANTED

Sanctions are appropriate in this case because Plaintiff commenced a baseless adversary proceeding in bad faith and for improper purposes. Sanctions should be imposed against Plaintiff and Plaintiff's counsel pursuant to 11 U.S.C. §105, 28 U.S.C. §1927, Fed. R. Bankr. 9011 (b), and this Court's inherent power.

The Court may issue any order necessary to enforce the Bankruptcy Code and to "prevent an abuse of process," including an order imposing sanctions for fees incurred in defending a harassing and frivolous adversary proceeding. 11 U.S.C. §105 (a). See also Elmasri v. Rupp, 2010 Bankr. LEXIS 1279, at *12 (E.D.N.Y. Apr. 19, 2010). This Court also has the authority pursuant to 28 U.S.C. § 1927 to impose sanctions against an attorney who "unreasonably and vexatiously" multiplies proceedings and unnecessarily increases the costs of litigation with bad faith or improper conduct. Kramer v. Mahia, 488 B.R. 515, 529 (E.D.N.Y. 2013) (imposing sanctions against attorney who "could not have had a reasonable belief that the

abuse of process counterclaim ha[d] some legal and factual support"). Sanctions may also be imposed against both the party and its counsel pursuant to the Court's "inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Desiderio v. Parikh</u>, 2014 Bankr. LEXIS 1679, at *58-59 (E.D.N.Y. Apr. 17, 2014).[6]

Sanctions are warranted where, as here, "the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." <u>Desidiero</u>, 2014 Bankr. LEXIS 1679, at *58; <u>see also</u> <u>Amaprop Ltd. v. Indiabulls Fin. Servs.</u>, 483 Fed. App'x. 634, 635 (2d Cir. May 25, 2012) ("An award of sanctions under the court's inherent power is proper when a party advances a claim lacking colorable basis and does so in bad faith."). "Conduct is entirely without color when it lacks any legal or factual basis . . . considered in light of the reasonable beliefs of the attorney whose conduct is at issue." <u>Wolters Kluwer Fin. Servs., Inc. v. Scivantage</u>, 564 F.3d 110, 114 (2d Cir. 2009). Bad faith can be inferred from a party's meritless conduct, or conduct engaged in for improper purposes such harassment or delay. <u>Kramer</u>, 488 B.R. at 529-30. In this case, sanctions are appropriate because the instant adversary proceeding was instituted without any factual or legal basis for doing so.

A. <u>No Colorable Basis for Plaintiff's Claims</u>

None of Plaintiff's seven claims for declaratory relief are supported by a colorable factual or legal basis. As discussed in detail above, the Complaint is so facially implausible that it fails to present an actual controversy between the parties that would entitle Plaintiff to any form of relief, declaratory or otherwise. <u>See</u> <u>supra</u> II, III.A. In view of the well settled law and clear statutory language of the DJA that expressly limits declaratory relief to cases of actual

---

[6] The imposition of sanctions under §105, §1927, and the court's inherent authority are analyzed under the same standard, differing only in that §1927 provides for sanctions against attorneys, whereas the court's inherent powers allow for sanctions against both the party and the attorney. <u>Desidiero</u>, 2014 Bankr. LEXIS 1679, at *59-60.

Moreover, Plaintiff's Second Claim for Relief seeks an unlawful declaration based on the false claim that Azeez seeks to recover tips that "indisputably belong to either Saravana or other tipped staff." (Compl. ¶ 12)  Not only is this allegation a misrepresentation of the facts,[8] it is also legally untenable based on fundamental labor law.  Tips cannot "indisputably belong" to Saravana as the employer.  See, e.g. NYSLL § 196-d ("[n]o employer ... shall . . . retain any part of a gratuity ... purported to be a gratuity for an employee").   This declaration is also based on the erroneous legal conclusion that any tips recoverable by Azeez "must be divided among other 'floor staff.'" (Compl. ¶¶ 12, 25) (emphasis added)   It is well settled that customer tips are the property of the food server.  See 29 C.F.R. § 531.52 (a "tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him" and "[t]ips are the property of the employee").  The law does not mandate that waiters pool or share their tips among a group of employees; nor do the regulations create any employee's entitlement to the tips of another employee.  Winans v. Starbucks, Corp., 796 F. Supp. 2d 514, 519 (S.D.N.Y. 2011) (noting that labor law provisions define which employees are eligible to participate in a tip pool, but that such eligibility "does not mean that he or she is entitled to do so").  Accordingly, Azeez is entitled to recover all of his tips unlawfully retained by Saravana.  A declaration that Azeez's tips "must be divided" among other employees employed during a period of time in which no employee received tips is legally baseless.

The Complaint's Fourth Claim for Relief also requests an invalid declaration that "any overtime allegedly owed Defendant must be reduced by the $600 per month Defendant was responsible for as rent." (Compl. ¶ 41) New York labor law makes clear that housing payments

---

[8] Plaintiff mischaracterizes Azeez's claims in order to exaggerate the effect a potential lawsuit would have on Plaintiff. Contrary to Plaintiff's claim, Azeez is not "claiming entitlement to all the tips received by the Saravana or by its staff during the period in which he worked, including shares of tips belonging to other floor staff." (Compl. ¶ 25) As is clear from Azeez's notice letter, he has not asserted an entitlement to the tips of another server and seeks to recover only the tips that "belonged to Mr. Azeez," which Saravana withheld. (Jensen Decl. ¶ 3, Ex. 1)

can only be deducted from an employee's wages when the deduction is "expressly authorized in writing by the employee."   NYSLL § 193(1)(b).   The requested declaration is unwarranted because Plaintiff fails to provide, or allege the existence of, any such writing.   See Llolla v. Karen Gardens Apt. Corp., 2014 U.S. Dist. LEXIS 44884, at *27 (E.D.N.Y. Mar. 10, 2014) ("courts have routinely denied employer offsets under the FLSA" against an employee's wages for housing costs where employer has "not produced the legally-required records nor have they substantiated their reasonable costs" of the housing provided).

2.   Complaint is Based on Material Factual Misrepresentations

Plaintiff's claims also lack a factually colorable basis, because they are based on the intentional misrepresentation of material facts.   The Complaint is premised on the repeated contention that "multiple collective action lawsuits" (i.e. the Mohamed and Hilmy matters) are pending against Debtor by creditors pursuing "nearly identical" claims as Azeez. (Compl. ¶¶ 7, 10-13, 20, 21, 26, 32)   This contention is the purported basis for the First and Third Claims for Relief, which seek broad declarations that "Plaintiff does not owe [Azeez] any additional tips" and that he was paid "adequate wages at all relevant times." (Compl. ¶¶ 18, 21, 23, 32, 34) These allegations deliberately misrepresent the nature and status of pending litigation at the time this proceeding was commenced, and do not serve as an adequate basis for granting declaratory judgment. (Compl. ¶ 10, Exs. A, B)

Contrary to Plaintiff's misrepresentations, the Mohamed matter is not a collective action. According to publicly available information, that is to say, the Civil Case Management Plan and Scheduling Order, entered on March 4, 2014 in the Mohamed matter, which states that the "case will proceed as an individual action, not as a collective action."   See Mohamed v. Saravana Bhavan LLC, No. 12-cv-08489-JMF, SDNY ECF Dkt No. 13.   Nor does the Mohamed

21

Complaint assert claims by similar employees with "nearly identical" claims seeking to recover the same sums. As is plain from the face of the Mohamed Complaint, which Plaintiff attached to the instant Complaint, the Mohamed action was brought on behalf of non-tipped cooks and assistant cooks, not waiters, and asserted no claims for the recovery of tips. (Compl. ¶ 10, Ex. A)

Similarly, the Hilmy Complaint is not a pending collective action because, as Plaintiff knows, it has been resolved. On March 5, 2014, Plaintiff's counsel filed a motion for this Court's approval of a "Stipulation of Settlement" of the Hilmy Complaint, which included the parties' fully-executed agreement. See In re Flagship S B New York, LLC, No. 1-14-40531-cec, Bankr. EDNY ECF Dkt. No. 12.[9] In the Stipulation of Settlement, Plaintiff's counsel affirmed that "Hilmy and Defendants have resolved all claims," in the amount of $50,000, which will "save fees and expenses of the Debtor" and will be "beneficial to the estate and creditors." Id. Plaintiff's counsel also stated that as a result of the "amicable settlement" of the Hilmy Complaint, the Debtor saved the estate a claim potentially worth "hundreds of thousands of dollars," which can be used to satisfy other debts, such as a potential award of damages to Azeez. Id. Accordingly, any future claim made by Azeez would not be seeking the same sums of money as Hilmy, as Plaintiff alleges.[10]

Plaintiff's Sixth and Seventh Claims for Relief also seek declarations based on the misrepresentation of material facts asserted in response to Azeez's notice. Plaintiff's Sixth Claim for Relief requests a false declaration that the tip credit applied to Azeez's wages was

---

[9] This Court's Hearing to consider this motion is scheduled for June 25, 2015. In re Flagship S B New York, LLC, No. 1-14-40531-cec, Bankr. EDNY Dkt. No. 15.

[10] Plaintiff contends that "Azeez's attorneys have threatened to commence a collective action lawsuit against Saravana on behalf of Azeez and other allegedly similarly situated individuals" (Compl. ¶ 9). This allegation mischaracterizes the facts. In his notice letter, Azeez's counsel states that "should we file suit, we may consider making the wage and hour claims a collective action and invite other similar employees, both former and current, to join the suit." (Jensen Decl. ¶ 3, Ex. 1) This statement cannot be construed as a clear threat to commence a collective action.

"proper and lawful" because Azeez was "aware of it." (Compl. ¶¶ 49, 51)  Plaintiff provides no basis for this conclusory allegation.  To the contrary, as Azeez specifically stated in his notice letter, Plaintiff's tip credit against Azeez's wages was invalid because he never received proper notice, and because the tip pool included ineligible employees. (Jensen Decl. ¶ 3, Ex.1)  Similarly erroneous is Plaintiff's Seventh Claim for Relief which seeks a declaration that it fired Azeez for "his repeated failure to arrive to work on time and his refusal to allow plaintiff to deduct mandatory taxes from his pay." (Compl. ¶¶ 55, 57)  Plaintiff alleges no facts in support of this claim.  To the contrary, as stated in the notice letter, Azeez was fired in retaliation for his filing of a wage and overtime complaint with the DOL.  (Jensen Decl. ¶ 3, Ex.1)

Thus, the requested declarations are "entirely without color" because they lack legal and factual support.  Wolters Kluwer Fin. Servs., 564 F.3d at 114.  Because there is no reasonable basis to believe that the asserted claims could be established, sanctions should be imposed.  See infra IV.B.

B.  Plaintiff's Bad Faith and Improper Purpose

The failure of Plaintiff's counsel to reasonably ascertain the basic factual and legal basis of the claims asserted in the Complaint prior to commencing this action is indicative of bad faith and the improper purposes for which he engaged in this conduct.  Therefore, this Complaint should be dismissed and monetary sanctions imposed against Plaintiff and counsel.

Where a claim, such as the one asserted here, is "brought without legal or factual justification, indeed contrary to facts, … and there being no colorable claim discernible, the bad faith for that [claim] not only can be inferred, but is obvious, and sanctions are warranted under either 28 U.S.C. §1927 or this Court's inherent powers." Dux S.A. v. Megasol Cosmetic GmbH, 2006 U.S. Dist. LEXIS 395, at *12 (S.D.N.Y. Jan. 6, 2006) (sanctions awarded for fees incurred

in defending against frivolous preliminary injunction motion based on misleading statements that lacked legal or factual support).  The intentional advancement of meritless claims is indicative of bad faith.  In re Emanuel, 422 B.R. 453, 466 (S.D.N.Y. 2010) (sanctions appropriate where party brought legally meritless claim for relief that exceeded the authority of the court and was "an obvious attempt to gain a more favorable forum"); Hudson Motors Partnership v. Crest Leasing Enters., 845 F.Supp. 969, 979 (E.D.N.Y. 1994) (noting that the "intentional advancement of a baseless contention" is indicative of bad faith).

Plaintiff's bad faith and improper purpose in this case is established by the commencement of claims so plainly devoid of any plausible legal or factual basis that there could have been no proper or reasonable purpose for bringing this action.  See Kramer, 488 B.R. at 529 (sanctions are appropriate where "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose") (citation omitted).  This Court may infer counsel's bad faith given the "utter lack of factual or legal support for the claims that [he] filed."  Kramer, 488 B.R. at 530 (citation omitted).  Plaintiff's bad faith is also demonstrated by the misleading statements and mischaracterizations of material facts made to the Court, as discussed above.  See supra IV.A.2; see also Amaprop Ltd, 483 Fed. Appx. at 637 (sanctionable bad faith conduct included counsel's misleading omission of relevant provision in arbitration agreement, and mischaracterization of the relief sought in a related action).

The filing of this frivolous Complaint caused the unreasonable multiplication of proceedings and increase in litigation costs.  Such conduct warrants monetary sanctions for the recovery of costs and fees incurred in defending this baseless action.  See Vioni v. Am. Capital Strategies, Ltd., 508 Fed. Appx. 1, 3 (2d Cir. Jan. 18, 2013) (affirming award of monetary

sanctions against attorney for costs incurred by counsel's engaging in unnecessary discovery practices); <u>Elmasri</u>, 2010 Bankr. LEXIS 1279, at *11-12 (monetary sanctions imposed against debtor under 11 U.S.C. § 105(a) for legal fees incurred in defending against frivolous adversary proceeding); <u>Kramer</u>, 488 B.R. at 529 (sanctions under § 1927 properly includes "an award of the attorney's fees and expenses incurred by the party") (quotation marks and citation omitted). Therefore, sanctions are appropriate in this case.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, and award Defendant reasonable attorneys' fees and costs, and grant such other and further relief as the Court deems proper.

Dated: June 9, 2014
New York, New York

Respectfully submitted,

CARY KANE LLP
Attorneys for Defendant


By: _____/s/ Tara Jensen_____
Tara Jensen
Larry Cary
1350 Broadway, Suite 1400
New York, New York 10018
(212) 868-6300
(212) (868-6302 (fax)
tjensen@carykane.com
lcary@carykane.com

25